■ In the Matter of GEMMA D. McHUGH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1972, disqualifying claimant from receiving benefits on the ground she voluntarily left her employment without good cause by provoking her discharge. Claimant worked for Loeb Rhoades & Co. of New York City as a transfer clerk for three and one-half years when she was discharged as of December 24, 1971. She was absent from work from December 20 through December 24 because her child was seriously ill. When the child first became ill, claimant instructed her mother to call her employer and report that claimant would be absent from work for the week. The mother forgot and never made the call. On December 27, 1971 claimant called her employer to report she would be in the following day, and was advised that she had been discharged as of December 24, 1971. Claimant thereafter applied for and was denied benefits. At the hearing she testified that she was aware of a company rule requiring an employee to call in each morning prior to 9:00 A.M. if absence was necessary. She also testified that, in her department, it was the practice if one were going to be out for a period of time, he could report that he was going to be out for several days without calling in each morning. She further testified she personally had done just that many times and so had other employees; that her supervisor accepted the practice and she had never previously been warned about not calling. The board determined that claimant knew, or should have known, that her failure to telephone her employer placed her job in jeopardy and that, under the circumstances, she provoked her discharge and had, therefore, voluntarily left employment without good cause. Under the enlightened approach set forth by the Court of Appeals in *Matter of James (Levine)* (34 N Y 2d 491), it is not every technical violation of a company rule which rises to the level of misconduct, and oftentimes such rules are either unenforced, overlooked, or waived by acceptance of other acts or practices which in a different setting would be considered acceptable under the doctrine of substantial performance. It is not disputed in the present case that, by formal rule, the employer required employees to give notice on each day they intended to be absent. If this were all that was involved here, we feel that the board could properly find that the failure by the present claimant to give the required notice on five consecutive days rose to the level of disqualifying misconduct. However, claimant testified that it was an accepted practice in her department to report that one would be absent for a specified period of time without having to call in each morning. If such a practice indeed existed, it would constitute a waiver by the employer of the more formal rule, at least for purposes of eligibility for unemployment benefits. The board has properly accepted claimant's testimony that she requested her mother to call for her on the first day of her absence, thereby attempting to comply with the alleged departmental practice; her method of doing so might be characterized as negligence or bad judgment, and her apparent assumption that her mother had made the call without verifying it might also constitute negligence, but negligence or bad judgment, while they may be valid causes for discharge, do not render the employee ineligible for benefits (*Matter of James [Levine], supra,* p. 496). On remittal, therefore, the board should be required to make specific findings as to whether there existed a departmental practice which was accepted in lieu of the formal rule, and such further development of the record as may be necessary for a proper determination

of this question should be had. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.