■ In the Matter of the Claim of THOMAS GIAMMARINO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from receiving benefits effective October 9, 1971 on the ground that he voluntarily left his employment without good cause by provoking his discharge. Claimant, a clerk at a security brokerage firm, was discharged when he failed to report to work on October 6, 1971 or telephone as required to explain his absence. The board in its decision, after noting that claimant had nine previous absences since his employment on February 22, 1971, found "he did not notify his employer that he would be absent since he believed that his mother would communicate with the employer. She did not do so and the claimant neglected to check with her to see that she did. Accordingly, the employer terminated the claimant on October 8, 1971, the day after he returned to work because of his excessive absences and his failure to communicate to the employer when he did not report for work" and then concluded "The claimant was aware of his poor attendance record and that he was required to notify his employer when absent. The claimant's illness was not so severe that he could not have called the employer in person. It was his responsibility to communicate with the employer. The fact that he relied on his mother does not absolve the claimant from the neglect when she failed to notify the employer. In view of his poor attendance records after being warned about it, claimant knew or should have known that his job could be in jeopardy if he failed to give notice to the employer when absent. Since he failed to meet a reasonable condition of employment, he provoked his dismissal, which is tantamount to a voluntary leaving of employment without good cause." Their findings and conclusions are supported by substantial evidence and provide all findings necessary to support a determination of misconduct *(Matter of James [Levine],* 34 NY2d 491; *Matter of Rivera [Levine],* 47 AD2d 569). *Matter of McHugh (Levine)* (47 AD2d 676) is factually inapposite particularly in that the claimant never asked his mother to call, he merely assumed she would. Decision affirmed,

without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.