In the Matter of the Claim of DOROTHY POSS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, November 13, 1975

*Dorothy Poss,* appellant *pro se,* and *Ian R. Arcus* for appellant.

*Louis J. Lefkowitz, Attorney-General (Rochell M. Baron, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

KANE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1974, which reversed the decision of a Referee and modified the initial determination of the Industrial Commissioner so as to disqualify claimant from receiving benefits effective May 31, 1974 because she lost her employment through misconduct in connection therewith.

Claimant was employed as a bank teller for over four years. She was discharged on May 30, 1974 after cashing a customer's $90 check at a time when his name appeared on a "short list" for that day indicating that his account balance was insufficient to cover the amount thereof. Claimant was admittedly aware of a bank rule requiring the authorization of an officer before cashing a check in such a situation and was also aware that the customer's name was on that list. Nevertheless, she acted without obtaining the approval of a superior. The issue before us is not whether substantial evidence supports the board's determination that claimant knowingly violated an established rule of the employer, for it plainly does, but whether such a violation constitutes misconduct rendering her ineligible to receive benefits. In *Matter of Irizarry (Catherwood)* (28 AD2d 765), a bank teller cashed customer checks totaling between $7,000 and $8,000 in violation of a known procedure requiring prior inquiry into the sufficiency of the customer's account balance. Decided under the theory of a provoked discharge, claimant's conduct, an apparently innocent mistake, was characterized as being grossly negligent.

Here, we are dealing with a roughly analogous rule, also designed for a bank's protection, but its violation to the extent of cashing a $90 check can only be considered a minor infraction by comparison. More importantly, however, *Matter of James (Levine)* (34 NY2d 491) has since limited application of the provoked discharge theory and made it clear that employee action displaying inefficiency, negligence or bad judgment, though a valid cause for discharge, would not render an employee ineligible for benefits (p 496). The board has concluded in the instant case that claimant was guilty of misconduct, but its opinion merely stresses claimant's lack of actual authority to waive application of that rule upon the excuse that she knew and trusted the customer. This evaluation of events fails to adequately consider claimant's further testimony that her employer had long acquiesced in such conduct so long as the amount of the check was under $100. It is to be noted that claimant's assertion in this regard was not contradicted by the employer, nor was it specifically rejected by the board on the basis of her credibility. The record as a whole also contains some suggestion that it may have been unsatisfactory job performance, rather than the rule violation, which led to claimant's discharge. Under such circumstances, we cannot so readily say that claimant's action rose to the level of misconduct, but would remit the matter for further consideration by the board (cf. *Matter of McHugh [Levine]*, 47 AD2d 676; *Matter of Paulsen [Catherwood]*, 27 AD2d 493).

The decision should be reversed, with costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

HERLIHY, P. J., (dissenting). In *Matter of James (Levine)* (34 NY2d 491, 496), it was noted that employee action which only established inefficiency, negligence or bad judgment would not render an employee ineligible for benefits upon the basis of misconduct. While it is certainly true that the present case contains evidence which would have supported a finding *by the board* that the actions of the claimant did *not* constitute misconduct, this record also contains the claimant's admission that when she cashed the check she knew it was in violation of the rule and there was no evidence that she had ever been given any discretion to cash this customer's checks when his name was upon the list without obtaining her superior's approval. Upon the present record, the claimant's testimony created questions of credibility and fact for the board as to

whether or not she knowingly violated a bank rule or was simply guilty of inefficiency, negligence, or bad judgment. The board's decision is supported by substantial evidence and, accordingly, it should be affirmed.

SWEENEY and LARKIN, JJ., concur with KANE J.; HERLIHY, P. J., and KOREMAN, J., dissent and vote to affirm in an opinion by HERLIHY, P. J.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.