In the Matter of the Claim of MARY FIGUEROA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground she lost her employment due to misconduct (Labor Law, § 593 subd 2). The board found misconduct on the basis that claimant, a counter girl at a snack bar and lunch counter, failed to ring up payment for an $.84 sale immediately as required by the employer's policy. The board did not find any dishonesty, and claimant, the only witness, testified that she placed the $.84 in a separate compartment in the register and rang it up later. She explained her action on the press of business due to an understaffing on the particular day and the fact that the transaction involved payment of the exact amount thus requiring no change. Every technical violation of an employment rule does not rise to the level of misconduct *(Matter of James [Levine],* 34 NY2d 491; *Matter of McHugh [Levine],* 47 AD2d 676). The Labor Department's Interpretation Service Manual indicates that disqualification should not be imposed for "inadvertance", "ordinary negligence in isolated instances" or "good faith errors in judgment or discretion" and, moreover, illustrates this with an approval decision holding that the failure of a store salesman to register a single sale on a cash register contrary to a company rule did not constitute misconduct in the absence of proof of dishonesty. In the instant case claimant had worked for the employer for 11 years without any blemish on her employment record prior to the incident here involved, and, while the violation of the rule is conceded, there is absolutely no charge or evidence of dishonesty. On this state of the record the board's finding of misconduct is not supported by substantial evidence. Decision reversed, with costs to appellant against the Unemployment Insur-

ance Appeal Board, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.