■ In the Matter of the Claim of ANIELLO MAZZELLA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct in connection therewith. Claimant, a store manager of an A & P for six years, was discharged for violating a company policy which provided that "when a manager shops in the store he must be checked out by the assistant manager." On the day in question, the assistant manager was not working and a part-time cashier checked out claimant's order. Claimant testified that he had done this on several previous occasions and other managers also had done so; that it was a rule which had not been enforced for many years. The employer's representative testified that to his knowledge the rule had not been waived; that although it had not occurred in his presence, it was definitely possible that when an assistant manager was not around, the cashier checked out the purchases. The board found that claimant was aware of the company rules and knew or should have known that by violating them there was a possibility of his being discharged; that he had, therefore, lost his employment through misconduct in connection therewith. We find no support in the record for the board's determination. As we stated in Matter of McHugh (Levine) (47 AD2d 676), "oftentimes such [company] rules are either unenforced, overlooked, or waived by acceptance of other acts or practices which in a different setting would be considered acceptable under the doctrine of substantial performance." Claimant's testimony in the present case that the company rule involved was not enforced over the years is not contradicted. If such a practice existed, it would constitute a waiver of the former rule. (Matter of Poss [Levine], 49 AD2d 288.) The board

should make a specific finding as to whether there existed a practice which was accepted in lieu of the company policy and the record should be further developed so that a proper determination of the question can be had. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.