■ JOSEPH DIDZIULIS et al., Respondents, v CALLANAN INDUSTRIES, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered March 18, 1975 in Montgomery County. This action was commenced by the service of a summons on January 2, 1975. Issue was joined by the timely service of an answer on February 12, 1975. The plaintiffs' attorney then filed a note of issue and statement of readiness (22 NYCRR 861.9, 861.10) on February 17, 1975. The defendant promptly moved in accordance with 22 NYCRR 861.10(c) for an order striking the case from the calendar upon the ground that the case was not ready for trial in that the defendant had not had a reasonable opportunity to complete necessary pretrial procedures. Special Term denied the motion and defendant here appeals. A rule of this court (22 NYCRR 861.10) clearly provides that a statement of readiness is not to be filed until such time as necessary or proper preliminary proceedings allowed by statute have been completed or, if not completed, there has been a reasonable opportunity to complete such proceedings. It is obvious here that the defendant was afforded no such reasonable opportunity and that the filing of the note of issue and statement or readiness, five days after the receipt of the answer, constituted a flagrant violation of the rule. The statement of readiness rule (22 NYCRR 861.10) must be strictly enforced (Cassidy v Kolonsky, 37 AD2d 880) and the order of Special Term must be reversed. Order reversed, upon the law and the facts, and motion to strike the case from calendar granted, with costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.

■ In the Matter of the Claim of HELEN STENSRUD, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1975, which reversed the decision of a referee overruling the initial determination of the Industrial Commissioner and held that claimant was disqualified from receiving benefits effective November 23, 1974 on the ground that she lost her employment through misconduct in connection therewith. The board found that claimant, an assistant manager of a branch office, was discharged for failing repeatedly to comply with reasonable and lawful orders of her employer to secure the door regulating access to the vault, and that claimant's failure to adhere to these instructions caused her to lose her employment for misconduct. There is substantial evidence to support the board's findings and the decision must be affirmed (Labor Law, § 593; Matter of Fisher [Levine], 36 NY2d 146; Matter of Maier [Levine], 49 AD2d 776; Matter of McHugh [Levine], 47 AD2d 676). Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.