■ In the Matter of the Claim of ANNA M. LOVE, Appellant. SYRACUSE CHINA CORPORATION, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 1976, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective April 3, 1975 because she lost her employment through misconduct in connection therewith. Claimant, a two and one-half year employee of Syracuse China, left the area of her employment while her employer's plant was struck by the union of which she was a member. She had unsuccessfully attempted to obtain a leave of absence, having contacted her immediate boss and his superior. When claimant left for Texas to obtain a divorce, she failed to advise her employer of her destination or leave an address or phone number where she could be reached. During her absence the strike was settled and all employees were advised to report to work in staggered shifts commencing on May 1 and concluding on May 8, 1975. Claimant was scheduled to report to work on the last date. She returned from Texas on May 13 thereby missing work days on May 8, May 9 and May 12. Claimant was discharged for failure to comply with the "three day call in rule" set forth in the contract between her union and her employer. Such failure was determined by the board to be disqualifying misconduct (Labor Law, § 593). We disagree and reverse the decision of the board. First, the board misconstrued the "three day call in rule" and applied its erroneous construction so as to conclude that employee failure to comply with the rule mandated discharge. Clearly, article XII (§ 2, subd 3) of the union contract deals only with seniority. Subdivision 3 of section 2 states that "An employee loses all seniority rights if he is absent for three days without advising and giving satisfactory reasons therefor". Consequently, the provision of the contract relied upon lends no support to the point urged in respondent's brief that the discharge was contractually mandated. While an employer's right to discharge an employee must be honored, the question of whether the reason advanced for such an act amounted to "misconduct" is always open for review. Claimant, during a period of strike induced disarray, attempted to get authorized leave to attend to a pressing personal problem. Failing in that effort and not knowing when the then two-week-old strike would terminate she left the area without advising her employers of her out-of-State address or leaving a phone number where she could be reached. That such conduct was bad judgment is clear. That it was not misconduct within the meaning and intent of section 593 of the Labor Law, however, is equally clear *(Matter of James [Levine],* 34 NY2d 491). Decision reversed, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, with costs to claimant. Koreman, P. J., Greenblott, Sweeney and Mahoney, JJ., concur; Larkin, J., dissents and votes to affirm.