■ In the Matter of the Claim of THEODORE J. PETRIE, Appellant, PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1976, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. Claimant, an assistant laboratory technician in a medical center for five years, operated an inhalation chamber where experiments were conducted on animals. On the day in question claimant failed to remove 235 hamsters before turning on the hot water cleaning system, which error was fatal to the animals, caused a monetary loss of $50,000 and claimant's immediate discharge. The board found that "his conduct was not mere negligence but a deliberate disregard for the proper performance of his duties" and held that the claimant lost his employment through misconduct and thus was not entitled to benefits. The finding of misconduct is a factual one solely within the province of the board and its position, once supported by substantial evidence, must be affirmed *(Matter of Patterson [Levine],* 50 AD2d 703). Claimant admitted that there was clear plexiglass through which he could have seen the animals, but said that he never looked. The employer testified that it was impossible to reach the valve and turn on the steam without seeing the animals. Such testimony provides substantial evidence from which the board could, and in this instance did, find that the employee's conduct constituted misconduct. Decision affirmed, without costs. Koreman, P. J., Sweeney, Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I dissent. The record before this court lacks sufficient facts to sustain the determination of the board that claimant's conduct amounted to "a deliberate disregard for the proper performance of his duties". Thus, as a matter of law, the decision of the board must be reversed and the matter remitted for determination in conformity with the decision of the referee *(Matter of James [Levine],* 34 NY2d 491, 496; *Matter of Poss [Levine],* 49 AD2d 288; *Boynton Cab Co. v Neubeck,* 237 Wis 249). It is significant that claimant's supervisor, *Dr. Gary Katz,* refused to characterize Mr. Petrie's conduct as "deliberate" but said it was "definitely negligence" when questioned by the referee. It is also significant that respondent's brief referred to claimant's

conduct as "Claimant's careless action". The proof indicated that claimant had operated the chamber in question since July 3, 1975 to the time of the accident on August 15, 1975 on a daily basis except for two weeks' vacation ending August 4. From August 8 until the 15th, he worked the 7:00 A.M. to 3:00 P.M. shift. On August 14 the work hours for the following day were changed to 9:00 A.M. to 5:00 P.M. Along with this change, the animals were put in his chamber, "backwards, in reverse order, last not first, as usual". However, claimant performed his work automatically at this point and turned the valve as he had done on the previous days without looking into the chamber. The animals were inside and died as a result of the hot water cleaning procedure. Claimant had not been reprimanded before for any misconduct or negligence. He had been recommended for a higher salary. This error had never happened prior to this incident. Dr. Katz did express the conclusion that the claimant could "not possibly climb the ladder and turn the valve without seeing these animals in the chamber". This conclusion, however, must be qualified by the other testimony which indicates that the operator of the chamber would have to look into the chamber to determine if animals were inside. This, concededly, claimant did not do and thus was negligent. However, this single negligent act which fatally harmed animals for which claimant had a genuine affection, did not rise to the level of misconduct. The New York State Department of Employment, having adopted by regulation the definition of "misconduct" found in the Wisconsin case of *Boynton Cab Co. v Neubeck (supra),* requires that the conduct about which complaint is made, be that which is in willful or wanton disregard of the employer's interest (CCH [New York], § 1970, *et seq.).* The decision of the board should be reversed and the matter remitted for further proceedings not inconsistent herewith.