■ In the Matter of the Claim of GEORGE L. CLUM, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1977, which held that claimant lost his employment through his own misconduct. The claimant was a truck driver and it is undisputed that after he parked his truck at a loading dock and left it running in neutral gear, the truck rolled and struck another vehicle. His employer on the following day discharged him from employment as follows: "For this act of negligence you are discharged without recourse." The employer's representative testified that the wheels of the truck should have been blocked, but there was no regulation as to procedure. He went on to testify that drivers were not discharged just because of an accident, but it depends on the "severity" of the accident and "the previous record of the driver". The same witness stated that there was no company policy as to the use of "blocks". Finally, he characterized the accident as resulting from "unprofessional conduct". The referee found that the claimant "parked his tractor-trailer and *forgot* to secure the same adequately". (Emphasis supplied.) This factual finding is supported by substantial evidence and it was adopted by the board. The referee went on to find that the action of claimant constituted "misconduct, in that, through *gross negligence* on his part he caused substantial economic loss to his employer." (Emphasis supplied.) The record does not contain an adequate description of the place where the claimant parked to characterize it as a hill or even a steep incline. In any event, the claimant testified that he "set his brakes" before leaving the truck and the referee has simply found that he "forgot". The record clearly establishes that the claimant violated no rules or directions of his employer. The amount of damage he caused is nothing more or less than that which can result from any negligent act in operating a vehicle depending upon the fortuitous location and hardness of other physical objects. In the case of *Matter of Woods (Levine)* (52 AD2d 696) cited by the respondent there had been a prior warning as to the particular conduct of the claimant and misconduct was not premised upon a theory of negligent performance of duties. (See, also, *Matter of Stensrud [Levine],* 52 AD2d 669; *Matter of Bass [Levine],* 50 AD2d 959; cf. *Matter of Muslo [Levine],* 50 AD2d 974.) In cases where the *sole* evidence is of negligence, it has been held that such conduct is not the equivalent of misconduct (*Matter of Poss [Levine],* 49 AD2d 288, 290). There is no suggestion that this case involves a claimant who was derelict in his duties (*Matter of Muslo [Levine], supra*) and a single act of forgetfulness does not constitute a course of conduct. There was no breach of any rule or action taken after warning and, accordingly, there is no proof of misconduct (*Matter of James [Levine],* 34 NY2d 491). The dissent is premised on the fact that the claimant was derelict in his duties and not simply negligent because of a violation of section 1210 of the Vehicle and Traffic Law. Such a

generalized suggestion does not supply the additional fact that the section is inapplicable as the record establishes the incident occurred on private property (cf. *Guaspari v Gorsky,* 36 AD2d 225, 229, 230, app dsmd 29 NY2d 891; Vehicle and Traffic Law, § 1100) and, of course, the claimant has been given no opportunity upon this appeal to respond to such a charge. Upon the present record it does not appear that section 1210 of the Vehicle and Traffic Law is properly before us as evidence of misconduct and, in any event, the facts make the said statute inapplicable. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Mikoll and Herlihy, JJ., concur, Main and Larkin, JJ., dissent and vote to affirm in the following memorandum by Main, J. Main, J. (dissenting). The majority concede that claimant left his employer's tractor trailer unattended, in neutral gear, with the engine idling and forgot to adequately brake and secure it so that it rolled away and struck another vehicle. However, because there was no company rule or policy regarding the use of a wheel block and no company regulations as to procedure, it deemed claimant's action to be merely a single act of forgetfulness and insufficient to constitute misconduct. While it may well be true that no company rule or policy was violated, the requirements of section 1210 of the Vehicle and Traffic Law were not fulfilled. The readily foreseeable consequences of leaving such a vehicle unattended and unsecured lift the claimant's thoughtless disregard of life and property to such a level of gross negligence as to provide a proper basis for a finding of misconduct. The decision of the board should be affirmed.