■ In the Matter of the Claim of ROSEMARY DONLIN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 1977, which disqualified claimant from receiving benefits because she lost her employment through misconduct. Claimant worked for the employer, Chase Manhattan Bank, for about two years until December 13, 1976. During the latter period of her employment, she was the head teller. On December 12, 1976, she made out a deposit slip for a customer in violation of the employer's rules. At the end of the day, when she proved her cash drawer, she did not include this deposit slip, and counted her drawer to be correct. On the following day, in proving her cash drawer, she found that she was over. Claimant notified her supervisor and, after investigation, it was ascertained that the overage was due to the deposit slip, which claimant did not include on the day before. The employer's rules require all deposit slips to be included in the day's closing on the day received. Claimant was given the option of resignation in lieu of discharge, and chose to resign. By initial determination, claimant was disqualified because of loss of employment due to misconduct in connection therewith. The referee sustained this determination stating that the "evidence establishes that claimant failed to follow proper bank procedures by first completing a deposit ticket for a customer

against the employer's rules, and again by failing to include this deposit slip in her accounts when she closed her drawer". The board adopted the findings of fact and opinion of the referee, and affirmed his decision. It is not every technical violation of a company rule which rises to the level of misconduct. While claimant's actions might be called an exercise of bad judgment and error made in the course of a busy banking day, such actions do not result in misconduct. Claimant's negligence or bad judgment did not constitute misconduct giving rise to grounds for disqualification under section 593 of the Labor Law as intended by the Legislature (*Matter of James [Levine]*, 34 NY2d 491; *Matter of Poss [Levine]*, 49 AD2d 288; *Matter of McHugh [Levine]*, 47 AD2d 676). Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.