■ In the Matter of the Claim of PETER N. ROBINSON, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 1977, which disqualified claimant from receiving unemployment insurance benefits. Claimant was employed by a manufacturer as a laborer from August, 1976 to December, 1976, a relatively short time. He had been absent from work from November 5 to November 29, 1976 for a foot injury sustained as a result of his work activity. The foot injury caused dissension between the claimant and his supervisor. It was on his return from work, after receiving disability benefits from November 5 to November 29, that the claimant was prevented from entering the plant because he did not have his identification badge, which he had left in his locker. He was informed that he had to wait at the gate. Claimant, however, did not wait but instead entered the plant, went to his locker, and obtained the badge. He was later reprimanded for this conduct and at the end of his shift was dismissed by the plant manager for failing to follow the instructions of his supervisor. The board found the actions of the claimant constituted misconduct and, thus, claimant was ineligible for benefits. The record herein, taken as a whole, does not provide substantial evidence necessary to support the board's determination. The actions of the claimant which precipitated his discharge did not rise to a level of misconduct so as to preclude the claimant from receiving unemployment benefits (Matter of James [Levine], 34 NY2d 491; Matter of Love [Syracuse China Corp.—Ross], 54 AD2d 775). Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.