■    In the Matter of the Claim of JAMES MYERS, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 1977, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying the claimant from receiving benefits, effective March 18, 1977, on the ground that he lost his employment through misconduct in connection therewith. Claimant, a truck driver for a retail furniture store, arranged with his employer to be absent from work on March 18, 1977 in order to attend the funeral of a member of his family. He had also arranged to leave work early on March 17, 1977 in order to provide transportation for some family members arriving at the airport. After completing some deliveries, claimant arrived at the retail store in Levittown at approximately 1:15 P.M. and was directed by his supervisor to load certain items in the truck for delivery to the warehouse in Hempstead. Claimant did not believe he could load the truck and still have time to meet his relatives at the airport. Consequently, claimant drove the empty truck to the warehouse where his car was parked and thereafter left for the day. Due to the fact that claimant had taken the empty truck to the warehouse, his supervisor had to be taken by car to the warehouse. The supervisor then returned with the truck to the store, loaded the truck and then drove the truck back to the warehouse. Claimant was discharged for taking the empty truck to the warehouse instead of taking a bus or some other means of transportation. The board found that claimant lost his employment due to misconduct and disqualified him from receiving unemployment benefits. We disagree. The question of whether the reason advanced for a claimant's discharge from employment amounts to "misconduct" is always open for review *(Matter of Love [Ross],* 54 AD2d 775). Claimant testified that it was his normal procedure to take the empty truck and leave it at the warehouse at the end of the day. It is also clear from a reading of the record that claimant was not told to take some other means of transportation back to the warehouse on the day in question. In our view, claimant's taking of the truck back to the warehouse resulted from poor judgment but did not amount to misconduct so as to disqualify him from receiving benefits. There is no evidence that claimant was derelict in his duties and the alleged misconduct arose out of a single isolated incident. No specific rule was breached by claimant and he took no action after being warned against it. We conclude, therefore that there was no misconduct on claimant's part so as to disqualify him from receiving benefits (see *Matter of Clum [Ross],* 61

AD2d 870). Consequently, the decision of the board must be reversed. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.