■ In the Matter of the Claim of BEATRICE GUILIZIA, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 29, 1979, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective September 30, 1978 on the ground that she lost her employment through misconduct in connection therewith. Claimant was employed as a sales clerk in a retail drug store. On October 2, 1978, claimant's car stalled on a major highway while she was on her way to work. She was aware of her employer's requirement that the employer was to be notified if an employee was going to be absent or late. She had also been warned previously concerning her absentee record. Instead of walking approximately one mile to reach a telephone to call her employer, claimant chose to sit and wait in the automobile for assistance to arrive. At 1:30 P.M., after claimant had been waiting in the car for approximately four hours, a tow truck arrived. At 3:30 P.M. claimant's mother notified the employer that claimant would not be at work that day due to the trouble with the automobile. As a result of this incident, claimant was discharged and the board found that she had lost her employment through misconduct in connection therewith. In so finding, the board stated claimant did not act as a reasonable person. This appeal ensued. While an employer has the right to discharge an employee, the question of whether the reason advanced for such discharge amounts to "misconduct" is always open for review (Matter of Myers [Ross], 66 AD2d 940; Matter of Love [Ross], 54 AD2d 775). While claimant's choice to remain in a disabled automobile on a major highway for some four hours without seeking a telephone to notify her employer may be

considered bad judgment or unreasonable conduct, we are of the view that there was no misconduct on her part so as to disqualify her from receiving benefits (see *Matter of James [Levine],* 34 NY2d 491; *Matter of Poss [Levine],* 49 AD2d 288). Consequently, the decision of the board must be reversed. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, Staley, Jr., and Herlihy, JJ., concur; Mahoney, P. J., and Kane, J., dissent and vote to affirm.