In the Matter of the Claim of FREDERICK K. YEBOAH, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 5, 1979, which found claimant disqualified from receiving benefits because he lost his employment through misconduct in connection therewith. Claimant worked for a china manufacturing company and sustained a back injury on August 15, 1978. He was on disability leave until November 1, 1978, the date on which the employer's physician indicated he could return to work. Claimant was examined by his own physician on November 6, 1978 and received a note stating that he could resume his duties on November 13. The employer did not wish to wait that long and called claimant's physician on November 7 to inquire whether claimant could perform light duty. A note indicating that claimant could perform light duty as of November 7 was obtained by the employer from claimant's doctor. Claimant did not believe this change when informed of it by his employer and was advised to contact his doctor. Claimant was also warned that his failure to report for light duty might result in his termination since he had previously been warned about excessive absences. When he did not report to work until November 13, claimant was fired and ultimately denied benefits when the board found him guilty of misconduct. This appeal ensued. Initially, we note that the employ-

er's reliance on a provision in the collective bargaining agreement with claimant's union as a basis for his discharge is misplaced. That provision, which states that an employee loses all seniority rights if he "Is absent for three days without advising and giving satisfactory reasons therefor", deals only with seniority rights and does not mandate claimant's dismissal (Matter of Love [Syracuse China Corp.—Ross], 54 AD2d 775). However, since claimant was warned that failure to report for light duty on November 7 might result in his discharge, the board could properly conclude that he lost his employment through misconduct when he did not return to work until November 13. Claimant's contention that the November 7 note from his physician was a forgery and that he justifiably relied on the November 6 note excusing his absence until November 13 merely raised questions of credibility for resolution by the board. Accordingly, since there is substantial evidence in the record to support the finding that claimant lost his job through misconduct, the board's determination denying benefits must be upheld. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.