■ In the Matter of the Claim of ALENE M. LACKEY, Appellant. CENTRO PARKING, INC., Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 15, 1980, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claim-

ant from receiving benefits because she lost her employment through misconduct. Claimant was employed in March, 1977 as a receipt clerk in the Upstate Medical Center parking facility in Syracuse, New York. Her duties included collection of parking charges and issuance of receipts. A triplicate receipt system was utilized. In November, 1978, Centro Parking, Inc., assumed management of the facility. Centro's new supervisor discovered alterations on certain receipts, and twice confronted the claimant who explained the changes were made to correct information about customers. On the third occasion, the supervisor conducted his own investigation. Thereafter, on March 22, 1979, claimant was summarily discharged for improper record keeping and possible misallocation of funds. On the day of discharge, claimant left with approximately $130 of company money, but returned it the next day. A State Police investigation negated theft. By initial determination, claimant was denied unemployment benefits on the ground of misconduct in not following company procedure in handling receipts. The referee deemed claimant's alteration of the receipts so negligent as to contravene the most fundamental of business practices. The board affirmed. Subdivision 3 of section 593 of the Labor Law provides that discharge for misconduct renders a claimant ineligible for benefits. Although an employer has the right to discharge an employee, whether the employee's acts amount to "misconduct" is always reviewable *(Matter of Guilizia [Ross],* 72 AD2d 868). Claimant testified that prior to Centro's takeover of the parking facility, alterations to receipts were necessary to avoid computer error and rejection of an entire day's receipts. The supervisor corroborated this. It is significant that claimant was never admonished to discontinue this practice, nor was she advised that employer rules prohibited such alterations. Indeed, the record suggests the real reason for dismissal was an unsubstantiated allegation of misappropriation of funds. Here, claimant simply proceeded with an auditing practice actually sanctioned by her immediate supervisor. Not every violation of a company rule, whether express or implied, constitutes misconduct *(Matter of James [Levine],* 34 NY2d 491; *Matter of Wade [Ross],* 59 AD2d 1003; *Matter of McHugh [Levine],* 47 AD2d 676). Actions that display inefficiency, negligence or bad judgment may provide sufficient justification for discharge from employment but not for disqualification from benefits *(Matter of James [Levine],* 34 NY2d 491, *supra; Matter of Poss [Levine],* 49 AD2d 288). The record does not reflect substantial evidence of misconduct. The further question of whether a fair hearing was conducted need not be reached. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Main, J. P., Casey and Weiss, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We dissent and vote to affirm on the ground the decision of the appeal board is supported by substantial evidence.