■ In the Matter of the Claim of MARY MUNIZ, Respondent. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1983, which ruled that claimant was entitled to receive benefits. ¶ Claimant had been employed by the City of New York as a provisional office associate in the Human Resources Administration since February 10, 1979. On January 5, 1982, she began a leave of absence from her job due to illness. By letter dated March 31, 1982, claimant was informed by the employer that action to terminate her would be undertaken unless she returned to work by April 14, 1982. Claimant did not return to work and was carried on the payroll without pay until May 6, 1982, when she was terminated. At issue is whether claimant was guilty of being absent without leave in failing or refusing to return to work, or whether she was prevented from doing so despite her good-faith efforts to return to employment. ¶ The board found that all of the claimant's actions after the March 31, 1982 letter were consistent with an intention to comply with the directive to return. Claimant first went to the Department of Social Services personnel office on April 8, 1982 and then returned for the entire day of April 9 even though the department at first insisted that she not return until the following Monday. When told on April 9 that she would have to be prepared to begin work immediately, claimant agreed. However, she was prevented from going to her former welfare center on that day because the department "verified that Miss Muniz should not be returned to staff". Instead, claimant was told to go to the office of the department's inspector general because of an incomplete investigation involving her. Thereafter, in quick succession, she appeared at the inspector general's office, retained an attorney who immediately contacted an investigator, and appeared at a hearing before the New York City Department of Investigation, where she answered all questions asked of her. ¶ The employer relies for reversal on the testimony of a senior investigator. He testified that claimant was told there was no impediment to her returning to work on April 9, 1982 and that, when informed of the allegations against her regarding her absence, claimant said she would get a lawyer, but that instead of returning the same day with the lawyer she prolonged her absence needlessly. Apparently the board did not accept this investigator's testimony and relied on the other testimony in the record. ¶ Significantly, the record is uncontroverted that after claimant was told that she had to be seen in connection with an investigation, she was never told by either of the employer's other witnesses or the investigator to return to the personnel office of the welfare center before the completion of the investigation. Therefore, the board's finding that "claimant was not told to report to work between April 9, and May 3, 1982" is substantiated by the record and its decision awarding benefits to claimant is supported by substantial evidence (*Matter of Love [Syracuse China Corp. — Ross]*, 54 AD2d 775). ¶ Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.