■ In the Matter of the Claim of DOLORES G. BURKE, Respondent. GLOVER BOTTLED GAS CORPORATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1983, which ruled that claimant was entitled to receive benefits.

Claimant worked in several capacities, initially as an hourly employee, then as an office manager in the customer service department, and finally, in February of 1981, in a new position in the area of sales and service. The duties of this latter position are in controversy. Claimant testified that she worked in a supervisory capacity, while the employer insists her position was merely clerical, i.e., a senior sales clerk. There was no written job description for either a supervisor or a senior sales clerk. This issue became significant after a complaint was made to the National Labor Relations Board (NLRB) to the effect that management had interrogated employees as to union activities and had retaliated by discharging certain employees involved. One of the issues involved before the NLRB was whether any management employee, specifically claimant, was cognizant of or in any way deterred the unionization. After claimant was subpoenaed to testify before the NLRB, she was interviewed by the employer's attorney prior to the hearing. Concededly, claimant advised the attorney that her job duties were essentially clerical and not supervisory, under the impression that her job was in jeopardy if she failed to cooperate. At the NLRB hearing, claimant rescinded these earlier statements and testified that she believed her functions were supervisory and that she was aware of the union activities. Claimant was fired the next day, ostensibly for misleading the employer and for disloyalty.

The hearing officer concluded that claimant truthfully testified before the NLRB and that her behavior did not constitute misconduct. With reference to allegedly misleading the employer, the hearing officer astutely noted that the employer and

its attorney were well aware of claimant's job duties independent of their interview. The hearing officer further accepted claimant's explanation that she attempted to cooperate with the employer for fear of losing her position, which finding the Board adopted.

Very clearly, the testimony presented as to the nature of claimant's position and the justification for her concededly conflicting statements presented a credibility issue of fact for Board resolution. Additionally, whether her behavior rose to the level of misconduct within the scope of subdivision 3 of section 593 of the Labor Law also presented a factual question for Board resolution (see *Matter of Di Maria v Ross,* 52 NY2d 771). Substantial evidence in the record supports the decision of the Board.

The employer further contends that the hearing officer improperly accepted testimony from claimant concerning a settlement offer. Beyond the fact that the Board is not bound by the formal rules of evidence (Labor Law, § 622, subd 2), this testimony was both unsolicited and brief and, when considered in context of the entire record, was of little consequence.

We further find that the Board properly excluded testimony concerning the issue of total unemployment since claimant was not discharged on that basis.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.