■ In the Matter of the Claim of DEBORAH A. VASSALLO, Respondent. UPSTATE FEDERAL CREDIT UNION, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 1986, which ruled that claimant was entitled to receive benefits.

Claimant was discharged from her position as a teller with the Upstate Federal Credit Union (Credit Union) after allegedly disclosing confidential information to a third party in contravention of the Credit Union's rules. The local unemployment insurance office initially ruled that claimant was disqualified from receiving unemployment benefits on the ground that she had lost her employment as a result of misconduct in connection therewith. That determination was sustained by an Administrative Law Judge (ALJ) after a hearing. The Unemployment Insurance Appeal Board reversed the ALJ and held

that, although claimant had disclosed confidential information in contravention of her employer's work rules, her conduct did not rise to the level of disqualifying misconduct. This appeal by the employer ensued. We now affirm.

Testimony adduced at the hearing before the ALJ established that a Credit Union member named Platt applied for a loan at the office in which claimant was employed and requested that all information about the loan be held in strict confidence. According to the Credit Union, Platt intended to use the loan proceeds to set her daughter up in business but wanted her daughter to believe that the funds consisted of accumulated savings. Claimant was acquainted with Platt, her daughter, and her daughter's employer, the proprietor of a manicure shop, having met and associated with them through her biweekly manicure appointments. Claimant testified that as a result of that acquaintance, it was Platt's habit to conduct her Credit Union business at claimant's teller window and that Platt had in fact cashed her loan check with claimant. When doing so, according to claimant, Platt informed claimant that she had obtained the loan for her daughter and then engaged in a lengthy conversation with claimant regarding the particulars of the proposed business venture.

Subsequently, Platt complained to the Credit Union that claimant had revealed to her daughter and to her daughter's employer the existence and purpose of the loan. Claimant was discharged as a result. Credit Union representatives offered proof that claimant had previously been given copies of a work rule requiring that employees keep all Credit Union member transactions confidential and that claimant had admitted to having discussed the loan with Platt's daughter. Claimant contended at the hearing that she only became aware of the loan through her conversation with Platt and was of the impression that it was not intended to be kept confidential. Additionally, she testified that although she had discussed the proposed new business with Platt's daughter, she did not inform either her or her employer of the loan. Claimant submitted into evidence a statement purportedly signed by the daughter's employer which stated that claimant had not discussed the loan with her.

Given the foregoing, there was substantial evidence to support the Board's determination that claimant could reasonably have believed that Platt did not desire to keep the existence of her loan confidential and that claimant's conduct in discussing the loan with Platt's daughter did not constitute misconduct. Not every technical violation of a work rule which results in

an employee's termination rises to the level of misconduct *(see,* Labor Law § 593 [3]; *Matter of Tarver [Ross],* 64 AD2d 760, 761). Under the circumstances of Platt's disclosure of the existence of the loan to claimant and claimant's prior acquaintance and relationship with Platt and her daughter, claimant's conduct here could rationally have been viewed as a good-faith error in judgment rather than disqualifying misconduct *(see, Matter of Figueroa [Levine],* 50 AD2d 998).

Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.