■ In the Matter of the Claim of KENMORE WATSON, Respondent. PAUL, WEISS, RIFKIND, WHARTON & GARRISON, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 15, 1991, which ruled that claimant was entitled to receive unemployment insurance benefits.

It is not disputed that by formal rule the employer required its paralegals to keep daily time sheets and to separate "billable" from "nonbillable" hours. Claimant acknowledged this policy and admitted that he may have allocated times to certain projects when in fact he was doing other assignments for his supervisor. He contended, however, that he and many of the other paralegals did not complete their time sheets on a daily basis, that they were "casual" about filling them out and that they completed them in a "haphazard" way. The accuracy of his time sheets was not challenged until May 1990 and he had been working for the employer since November 1988. Not every technical violation of a company's rules rises to the level of misconduct *(see, Matter of Figueroa [Levine],* 50 AD2d 998) and such rules are often unenforced, overlooked or waived *(see, Matter of Mazzella [Levine],* 51 AD2d 632). In addition, although negligence or bad judgment may be valid causes for discharging an employee, they do not necessarily disqualify the employee from receiving unemployment insurance benefits *(see, Matter of McHugh [Levine],* 47 AD2d 676; *see also, Matter of Lackey [Centro Parking—Ross],* 81 AD2d

955). There is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that although claimant exercised poor judgment in not keeping track of his time with greater accuracy, his actions were not intentional or so unreasonably negligent as to rise to the level of misconduct *(cf., Matter of Figueroa [Levine], supra).* The Board also rejected the employer's contention that claimant did not work for the firm during all the hours that he claimed. This issue merely raised questions of fact and credibility which were for the Board to resolve *(see, Matter of Leuci [Levine],* 51 AD2d 603).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.