■ In the Matter of the Claim of M. L. SMITH, Respondent. HEARTHSTONE MORTGAGE BROKERS, INC., Appellant; JOHN F.

HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 445] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 3, 1992, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from her position as a mortgage officer for allegedly violating a provision of her employment contract prohibiting her from engaging "in any other business activity" during employment. Admittedly, while so employed, claimant filed a certificate of doing business under the name of "Classic One Mortgage Brokers". According to claimant, she filed the certificate to preserve the name of the business for future use and as a preliminary step to eventually filing for a mortgage broker's license; claimant denied that she did anything to further the business activity until after she was fired. The Unemployment Insurance Appeal Board found that claimant engaged in no other business activity outside of her employment besides filing the certificate and rejected the employer's argument that the "mere filing" of the certificate constituted misconduct.

In affirming the Board's decision, we note that whether claimant's behavior rose to the level of misconduct within the scope of Labor Law § 593 (3) presented a question of fact for the Board to resolve (see, Matter of Burke [Glover Bottled Gas Corp.—Roberts], 104 AD2d 702, 703). In addition, the Board was free to credit claimant's testimony insofar as that concerned matters of fact and credibility (see, Matter of Leuci [Levine], 51 AD2d 603). Under the circumstances of this case, substantial evidence exists to support the Board's finding that the filing of the certificate alone did not constitute misconduct (cf., Matter of Figueroa [Levine], 50 AD2d 998). In reaching this conclusion, we also note that not every technical violation of a work rule that results in an employee's termination rises to the level of misconduct (see, Matter of Vassallo [Upstate Fed. Credit Union—Roberts], 125 AD2d 771, 772-773). The employer's remaining arguments have been considered and found unpersuasive.

Yesawich Jr., J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.