■ In the Matter of the Claim of EDDY S. PADILLA, Respondent. PEPSI COLA BOTTLING COMPANY OF NEW YORK, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [615 NYS2d 103] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 23, 1992, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by Pepsi Cola Bottling Company of New York, Inc. as a warehouse checker. On September 4, 1991, claimant, his supervisor and several other co-workers took a break during which they drank beer on the sidewalk in front of Pepsi's warehouse. Following an arbitration hearing, the arbitrator found that claimant "drank an alcoholic beverage during working hours on the Company's premises in

violation of a known Company rule" and concluded that Pepsi could terminate petitioner's employment, which it did.

Claimant's application for unemployment insurance benefits was denied by the Commissioner of Labor on the ground that he lost his job through misconduct (see, Labor Law § 593 [3]). The Administrative Law Judge (hereinafter ALJ) overruled this determination, finding no misconduct because claimant did not think, nor was he ever told, that the sidewalk in front of Pepsi's warehouse was company premises. On appeal the ALJ's determination was affirmed by the Unemployment Insurance Appeal Board, giving rise to this appeal.

Even if we accept Pepsi's argument that the Board was bound by the arbitrator's findings that claimant violated a company rule, we need not reverse since not every violation of a company rule constitutes misconduct (see, Matter of Watson [Hudacs], 189 AD2d 1088; Matter of Green [Hartnett], 178 AD2d 717). Therefore, as the record reveals that claimant had not received any prior warnings for any misconduct during his 7½ years of employment with Pepsi and did not know that the sidewalk in front of the warehouse was company property, we find that the Board's conclusion that claimant's action did not constitute misconduct, since it was an isolated incident and merely a technical violation of Pepsi's rule, is supported by substantial evidence (see, Matter of Figueroa [Levine], 50 AD2d 998). Accordingly, we affirm.

Cardona, P. J., Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.