■ In the Matter of the Claim of EDWARD HARPER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, which denied claimant benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. Claimant, a chef employed for approximately eight months at the employer's restaurant, did not receive notice of the first hearing at which the employer testified that claimant was drunk most of the time during

the last two weeks of his employment and that one day he just got mad and left. The board determined that he voluntarily left his employment without good cause. Claimant applied to reopen the case on the ground that he did not receive notice of the hearing. Another hearing was subsequently held at which he was present and testified. There was, however, no appearance on behalf of the employer. Claimant testified that he suffered from a nervous condition; that he started to get nervous because he was overworked; and then took a few drinks, but never was drunk during his last two weeks of work; that his employer did not talk to him about his drinking habits; and that he took off seven days to "get myself together." The employer's testimony, given at the prior hearing, was incorporated in and made a part of the record. The board found that claimant, having been warned by the employer concerning his drinking, nevertheless persisted in a course of conduct which he knew would result in his dismissal, and sustained its initial determination. On this appeal, claimant contends that he was not afforded due process of law in that he was denied the right to cross-examine his employer. With this contention we agree. An examination of the record indicates that the board's decision is not supported by the testimony of claimant alone. Regardless of the merits in a particular case, a party whose rights are being determined at a quasi-judicial administrative hearing must be given the opportunity to cross-examine witnesses. (*Matter of Hecht v. Monaghan,* 307 N. Y. 461, 470.) The hearing accorded claimant did not meet this minimal constitutional requirement. The record further reveals that there is no evidence in the record at either hearing that claimant was warned by his employer that his addiction to alcohol was jeopardizing his employment, as found by the board. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane and Main, JJ., concur; Cooke, J., dissents and votes to affirm in the following memorandum. Cooke, J. (dissenting). I vote to affirm. Claimant was given notice of the hearing as prescribed by law and he has no right to complain because of his failure to cross-examine prior to his actual appearance.