■ In the Matter of the Claim of RICHARD S. BASS, Appellant. GREYHOUND LINES EAST, Respondent; LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1975, which reversed a decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct in connection therewith. Claimant, a public carrier bus driver worked for a period of over seven years when he was discharged. As a result of a random road check by one of his supervisors, he was reported to have violated the employer's rules by driving his bus at excessive speeds, tailgating and making improper lane changes over a 50-mile stretch of interstate highways. The record reveals that claimant had been previously warned and knew, or should have known, of the strict safety requirements of his job. In our view, there is substantial evidence to sustain the board's determination of misconduct. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of CECIL B. YOUNG, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 4, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that claimant lost his employment through misconduct. Evidence adduced at the hearing established that the claimant was discharged for drinking intoxicating beverages while on the job and being away from his post without authorization. On this appeal, claimant contends that he was denied his constitutional right of due process under the Fourteenth Amendment of the United States Constitution because he was not afforded the opportunity of cross-examination of his employer (Matter of Harper [Levine], 41 AD2d 975). In the instant case, unlike Harper (supra), the employer appeared and testified at a scheduled hearing at which the claimant failed to appear. Claimant's application to reopen was granted. After claimant again failed to appear at the new hearing, at which the employer's representative was present, the hearing was closed. When claimant finally arrived, after the case was closed and after the employer had gone, the case was reopened for the purpose of taking the claimant's testimony. By his failure to appear at the time and place of the hearing, claimant waived his constitutional right to cross-examine the employer. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.