■ In the Matter of the Claim of ALBERT KENNARD, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground he lost his employment through misconduct in connection therewith. Claimant had worked for the employer, Harder Services, for four years and eight months. For the last three or four weeks claimant worked at cutting wood. Previously, he worked as termite control operator. Claimant did not appear at the first hearing as he did not receive notice thereof. At the first hearing the general manager of the employer's tree service operation testified that claimant was intoxicated on October 23, 1974 while working. The board determined that claimant was disqualified from receiving benefits through misconduct in connection with his employment. Claimant applied to reopen the case on the ground that he did not receive notice of the hearing. The case was reopened and another hearing was held at which claimant was present and testified. There was, however, no appearance on behalf of the employer at the second hearing. Claimant testified that he had some wine with his lunch and a pizza on October 23, 1974, but that he was not intoxicated on that day. The employer's testimony given at the prior hearing was incorporated in and made a part of the record. On the second hearing claimant requested an opportunity to cross-examine the employer's witness, asserting it was absolutely essential to his case. Without

attempting to secure the attendance of the employer's witness for cross-examination, the board found the claimant was under the influence of liquor on the afternoon of October 23, 1974 while in the course of his employment, which required claimant to operate equipment which could endanger lives and property, and sustained its original determination. On this appeal, claimant contends that he was not afforded due process of law in that he was denied the right to cross-examine his employer's witness. We agree with the contention. An examination of the record indicates that the board's decision is not supported by the testimony of the claimant alone. "Regardless of the merits in a particular case, a party whose rights are being determined at a quasi-judicial administrative hearing must be given the opportunity to cross-examine witnesses. *(Matter of Hecht v. Monaghan,* 307 N. Y. 461, 470.) The hearing accorded claimant did not meet this minimal constitutional requirement." *(Matter of Harper [Levine],* 41 AD2d 975, 976.) Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.