In the Matter of the Claim of ORLANDO ZAYAS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, April 14, 1977

*Michael D. Hampden (M. Madeline Welch* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Edward R. Moss, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 1976, which adopted and affirmed a Referee's decision holding that the claimant was disqualified from benefits because he lost his employment through misconduct.

The claimant was terminated from his employment on April 27, 1976 at the completion of his working day. The employer filed a form dated May 3, 1976 which asserted that the claimant was discharged because of "Continuous Lateness Poor Working Attitude". In a summary of interview dated May 3, 1976 the claimant asserted that he was discharged because of his lateness to work and the interviewer noted that the foreman had told the interviewer that claimant was often late. A notice of determination was issued on May 3, 1976 of disqualification because of misconduct by being late after having been warned not to be late.

On May 10, 1976 the claimant executed a form objecting to the initial determination wherein his objection to the determination was noted as: "it was not his fault the trains were delayed when late". Following the hearing and after he had closed the record, the Referee changed the basis of the dis-

qualification from lateness to a charge that the claimant had refused to work overtime at the "reasonable request of his employer" and which was misconduct. The claimant's appeal to the board recites he objects to the decision of the Referee because the employer had no right to request overtime and the request came after normal working hours.

The claimant upon this appeal does not raise any question of "due process", but it is evident from the foregoing discussion of the procedure utilized herein that it is doubtful that this claimant has received a fair and impartial hearing (cf. *Matter of Brooks [Levine],* 38 NY2d 965).

At the Referee hearing held on June 21, 1976 a representative of the employer, who had no personal knowledge of the discharge of claimant, conceded that the claimant was not discharged because of his lateness, but instead was discharged because of some disagreement the claimant had with his supervisor on April 27, 1976. It is noteworthy that the person responsible for claimant's discharge did not testify.

The Referee asked the claimant what had happened on the 27th and the claimant disclosed, *inter alia,* that his supervisor had asked him after the normal workday was over to stay and sweep around his work area. The claimant refused and then as claimant was dressing to leave work the supervisor said "because your lateness and making [attitude] * * * and I don't want you no more over here." The claimant was asked if he would be paid for working later and sweeping and at one point said "sometimes" and at another point said he had never been paid for sweeping, although he had done it on occasions.

This record is devoid of evidence which would support a finding that the employer's request to work overtime was reasonable and that the claimant would have been paid for such work. The Referee expressly found that the claimant was not discharged because of his failure to report for work on time and the Court of Appeals has recently held that not every refusal to work overtime is misconduct *(Matter of Hulse [Levine],* 41 NY2d 813). The mere acknowledgment by the claimant that paid or not he had swept his area after working hours on occasions is insufficient to show that it was a condition of employment. One refusal such as here should not be misdonduct so as to disqualify claimant from benefits. To discharge an employee is one thing; to deny him unemployment insurance is another.

42

The finding that the claimant was guilty of misconduct is not supported by substantial evidence. The proof at best is nebulous, conflicting and not convincing when considered in the context that other allegations had been made against the claimant but not established.

The decision should be reversed, without costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

KOREMAN, P. J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.