██ In the Matter of the Claim of FANNIE CIRLIN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 19, 1978, disqualifying claimant from unemployment insurance benefits. The board found that: "The credible evidence establishes that claimant violated two of the employer's rules of which she had knowledge. During working hours, she selected the cheese, had it weighed and priced and took it out of the gourmet department without paying for it. Accordingly, we conclude that claimant's violation of the employer's reasonable rules constituted misconduct in connection with her employment." There is substantial evidence in the record to support the board's finding and, accordingly, the decision should be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane and Main, JJ., concur.

Staley, Jr., and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). We dissent and would reverse the decision of the Unemployment Insurance Appeal Board. Claimant, 63 years of age, was employed as a salesperson in Macy's Department Store for 19 years until she was terminated on August 13, 1977. She has an unsullied personnel record. Claimant was assigned to the gourmet food department. On August 13, 1978, she requested permission to leave early because she was not feeling well. After receiving such permission from her superior, she selected a half pound of cheese for herself, and had it weighed, priced at $1.29, and packaged by another employee. She placed the cheese in a store bag and took two or three steps away from the counter when she was stopped by a security guard. She was subsequently discharged. Claimant testified that when she ordered the cheese she believed she had ceased working. Claimant admitted she was aware that company rules prohibited employees from making purchases on company time or taking merchandise that had not been paid for from one department to another. Prior to this incident, claimant had never been charged with violation of any rules of the store. The Industrial Commissioner determined that the dismissal was proper, holding that she had violated rules and regulations of her employer. The uncontroverted testimony of claimant indicates that she was not aware that, since she had not "clocked-out", she was still on company time. Claimant testified that whereas she had already received permission to go home, she felt she was no longer "working". She further stated that she was unaware at the time she left her department that she had not paid for the merchandise. There was no testimony given on behalf of the employer herein, and the employer sent no representative to the hearing. The referee found that it was the responsibility of the employer to establish disqualifying misconduct by substantial evidence. As the referee stated, "a naked allegation of wrongdoing, unsupported by any substantial evidence to demonstrate the truth of the accusation, is insufficient for the referee to approve the misconduct qualification. In the absence of any testimony from the employer, there is insufficient support in the record to support the misconduct disqualification." The board reversed the referee's determination, and held that claimant had violated the two rules when, during working hours, she selected the cheese, had it weighed and priced, and took it out of the gourmet department without paying for it. The board

concluded that claimant's violation of the employer's reasonable rules constituted misconduct in connection with her employment, holding that a violation of an employer's work rules will support a finding of misconduct. The record also establishes that claimant had an unblemished record during her 19 years as an employee of Macy's. During that period, she had received commendations for her honesty, including a letter from the company's president praising her for her service to the store. On the record, taken as a whole, there is no substantial evidence which would justify a finding that the claimant willfully breached a definite rule of her employer. The record is totally devoid of any such evidence, since the employer failed and refused to appear at the hearing. Claimant's disqualification without an opportunity to confront those who accused her of misconduct was, in effect, a denial of the claimant's due process rights *(Matter of Zayas [Ross], 57 AD2d 40; Matter of Kennard [Levine], 50 AD2d 1025).* " 'Regardless of the merits in a particular case, a party whose rights are being determined at a quasi-judicial administrative hearing must be given the opportunity to cross-examine witnesses. *(Matter of Hecht v. Monaghan, 307 N. Y. 461, 470.)* The hearing accorded claimant did not meet this minimal constitutional requirement.' *(Matter of Harper [Levine], 41 AD2d 975, 976.)*" (See, also, *Matter of Kennard [Levine], supra,* p 1026.) There is no substantial evidence in the record to support the determination of the board that claimant lost her employment through misconduct which was serious enough to disqualify her for benefits. The decision should be reversed.