■ In the Matter of the Claim of EARL L. SEEGER, Respondent, v MODUFORM, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 1987, which held Moduform, Inc. liable for contributions on remuneration paid to claimant and other persons similarly situated.

Claimant was a sales representative for Moduform, Inc., from November 1984 until his discharge in April 1986. The Unemployment Insurance Appeal Board reversed the determination of an Administrative Law Judge and sustained that of the Commissioner of Labor that claimant and other persons who performed services for Moduform under similar circumstances were its employees. Moduform appeals, contending that it was not afforded due process of law in that it was denied the right to cross-examine claimant. We agree.

It is undisputed that claimant testified on his own behalf at the initial hearing and that, because of claimant's unexcused absence on the adjourned date of the hearing, Moduform was denied the opportunity to cross-examine him, in clear violation of the provisions of 12 NYCRR 461.4 (c). " 'Regardless of the merits in a particular case, a party whose rights are being determined at a quasi-judicial administrative hearing must be given the opportunity to cross-examine witnesses' " *(Matter of*

*Kennard [Levine],* 50 AD2d 1025, 1026, quoting *Matter of Harper [Levine],* 41 AD2d 975, 976; *see, Matter of Hecht v Monaghan,* 307 NY 461, 470). In our view, denial of the fundamental right of cross-examination requires reversal *(see,* State Administrative Procedure Act § 306 [3]; *Matter of Kokoni [National Freelancers—Roberts],* 110 AD2d 1023; *Matter of Orellana [Robbins MBW Corp.—Roberts],* 91 AD2d 1120, 1121).

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.