■ In the Matter of the Claim of STEPHEN L. MORI, Respondent. NETWORK REAL ESTATE SERVICES, INC., Appellant; COM-

MISSIONER OF LABOR, Respondent. [677 NYS2d 642] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 9, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by Network Real Estate Services, Inc. (hereinafter the employer) as a maintenance supervisor. In September 1995, claimant was discharged by the employer after it was alleged that he had approved overtime payments for two employees to compensate them for assisting claimant in a personal move. After initially granting claimant's application for unemployment insurance benefits, the Administrative Law Judge (hereinafter ALJ) denied claimant's application on the ground that he was terminated for misconduct. The Unemployment Insurance Appeal Board reversed the ALJ's decision and, upon reconsideration, adhered to its prior decision holding that claimant was entitled to receive unemployment insurance benefits. The employer appeals, contending that the Board's decision was not supported by substantial evidence because portions of claimant's testimony were missing from the record.

The record reveals that claimant's cross-examination testimony is omitted from the transcript of the hearings conducted by the ALJ. While it is true that the employer failed to specifically request a hearing to settle the record (*see,* 12 NYCRR 460.7), the employer informed the Board that the transcript of claimant's cross-examination testimony was missing when it requested reconsideration. The Board gave no indication that it had heard a tape of or considered that testimony. While it was within the purview of the Board to resolve credibility issues in favor of claimant (*see, Matter of Nicotra [Brylin Hosps.—Commissioner of Labor],* 249 AD2d 863), it was, in our view, inappropriate for the Board to make such a determination based solely upon claimant's testimony on direct examination. Interestingly, we note that the ALJ, who had heard both claimant's direct and cross-examination testimony, resolved credibility issues against claimant. Accordingly, the matter must be remitted to the Board for reconstruction of the record with respect to the missing portions of claimant's testimony.

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.