■ In the Matter of the Claim of DAVID COBRIN, Respondent. TELECOM CONSULTING GROUP NE CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [829 NYS2d 720]—

Kane, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 17, 2005, which ruled that Telecom Consulting Group NE Corporation was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Telecom Consulting Group NE Corporation (hereinafter TCN) is a business that, among other things, acts as an employment agency for other businesses. Claimant, a certified project management professional, contacted TCN and was placed with Eastman Kodak Company (hereinafter Kodak), TCN's main client. When claimant's work ended under the terms of the contract between TCN and Kodak, claimant sought unemployment benefits. The Commissioner of Labor determined that claimant and all others similarly situated were employees of TCN, rather than independent contractors, and were entitled to unemployment benefits. An Administrative Law Judge agreed with the Commissioner's determination and the Unemployment Insurance Appeal Board affirmed in two decisions, prompting TCN's appeals.

The Board erred in considering portions of claimant's direct testimony where the majority of his cross-examination was omitted from the record. Acknowledging that a portion of the cross-examination of claimant was missing from the record, the Board attempted to remedy this problem by "disregarding any of the claimant's testimony that conflicts with [TCN]'s version." The difficulty with this remedy is that claimant's testimony on direct may have been contradicted by his own testimony on cross-examination. If, for example, claimant testified on direct regarding a subject that had not been addressed in previous testimony by any other witness, his testimony would not conflict with TCN's version as presented through the testimony of other wit-

nesses, yet may have been discredited on cross-examination of claimant. Based on the deprivation of TCN's right to have this matter determined on a complete record (see Labor Law § 621 [3]), particularly where the fundamental right of cross-examination is implicated, we must remit to the Board for further proceedings (see Matter of Mori [Network Real Estate Servs.—Commissioner of Labor], 253 AD2d 968, 969 [1998]; see also Matter of Seeger v Moduform, Inc., 146 AD2d 922 [1989]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.