■ In the Matter of KATHRYN M. BARBER, Petitioner, v NEW YORK STATE OFFICE OF VICTIM SERVICES, Formerly Known as NEW YORK STATE CRIME VICTIMS BOARD, Respondent. [959 NYS2d 756]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's claim for compensation.

In December 2008, petitioner filed a claim with respondent alleging that she was the victim of stalking and harassment and seeking reimbursement for the cost of various security and surveillance devices that she claimed were necessary to secure her home from future incidents. Following an investigation by respondent, petitioner's claim was denied on the ground that she failed to prove that a crime had been committed. Petitioner appealed that determination and, following a hearing, a three-member panel of respondent affirmed the disallowance of her claim. Petitioner thereafter commenced this CPLR article 78 proceeding, which was transferred to this Court (*see* CPLR 7804 [g]).

We find substantial evidence in this record to support respondent's denial of the claim. Yet reversal is required because petitioner was not provided with the opportunity to cross-examine witnesses who provided testimony at the hearing, in clear violation of 9 NYCRR former 525.6 (a). "Regardless of the merits in a particular case, a party whose rights are being determined at a quasi-judicial administrative hearing must be given the opportunity to cross-examine witnesses" (*Matter of Seeger v Moduform, Inc.*, 146 AD2d 922, 922 [1989] [internal quotation marks and citations omitted]; *see Matter of McBarnette v Sobol*, 83 NY2d 333, 339 [1994]; *Matter of Hecht v Monaghan*, 307 NY 461, 470 [1954]).

Here, after being advised that petitioner was waiting in the lobby for the hearing to begin, members of respondent who conducted the hearing made the affirmative decision to take the testimony of one of the witnesses in petitioner's absence. Petitioner was only invited to attend the hearing following the

conclusion of this witness's testimony and, after providing her own testimony, she was asked to leave the hearing, after which testimony was taken from a second witness. Despite respondent's assertion to the contrary, we are of the opinion that petitioner raised the issue at the first available opportunity, thereby preserving it for our review (*see State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333, 335-336 [1999]; *cf. Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832, 833 [1995]). As petitioner was denied her right of cross-examination, respondent's determination must be annulled and the matter remitted for a new hearing (*see Matter of Seeger v Moduform, Inc.*, 146 AD2d at 923).

Lahtinen, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.