In the Matter of the Claim of JUAN B. SALAZAR, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, May 22, 1975

*Elaine C. Buck* for appellant.

*Louis J. Lefkowitz, Attorney-General (Iris A. Steel, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed February 7, 1974, which adopted and affirmed a Referee's decision sustaining the respondent's determination that the claimant was disqualified from benefits upon the ground he voluntarily left his employment without good cause by provoking his discharge.

There was no dispute as to the claimant, a factory worker, having been granted an extended leave of absence which would include a vacation commencing July 28, 1973. The sole factual issue was whether he was to report to work on September 10 or September 21, 1973. The claimant speaks very little English and all of his communications at the place of employment with management were by and through one Julio Garcia, a person designated by management to act as interpreter. The summary of interview in the board file shows that the claimant had maintained at all times that he had asked Garcia for 30 days plus an additional 10 days if he should find it necessary and that Garcia had said it was all right. The claimant in the summary of interview stated that Garcia was an assistant foreman.

At the hearing held on November 15, 1973 the employer was represented by one Joseph Lacullo who was sworn and testified. The record does not establish the title of Lacullo, however, it would appear from his testimony that he was the equivalent of the owner of the business so far as claimant is concerned. Lacullo testified that his information as to the claimant's separation from the employment was through Garcia. He testified that Garcia's title was "material controller, stock and receiving clerk". However, he thereafter testified that Garcia's position was merely as an interpreter and later testified that if he were "out" Garcia was "in charge". Lacullo

testified that Garcia was not authorized to grant leaves of absence, however, the record does not establish that the claimant had any reason to believe that Garcia had no such authority and it is established that Garcia was the one who communicated the authorization to the claimant. Notably, Lacullo conceded that the claimant was to have a total of six weeks and, thus, of great concern would be whether or not there had been any misunderstanding between Garcia and claimant as to the return date.

The claimant was called to testify following Lacullo and at first refused to testify because Garcia was not present at the hearing. The Referee told claimant that if he would testify, he would "if necessary * * * get Mr. Garcia here." Thereafter, the claimant did agree to testify (apparently as the result of some off the record discussion) and was sworn. He testified that he asked for a total of 40 days and was told by Garcia that he had until September 10. At that point he tried to say something more, but the Referee refused to allow any comment. He then testified his return date was to be September 21. While there is some inconsistency as to exact dates on the part of the claimant, he appeared to be asserting that there was authorization for 30 days until September 10 and further authorization for an additional 10 days until September 21, if he wanted or needed it.

It is abundantly certain that Julio Garcia was the only person who could give direct evidence as to the extent of the authorized leave on behalf of the employer and the respondent and that because of the request for "days" off there would be room for a misunderstanding in regard to the precise return work date.

The request of the claimant for Garcia to be called as a witness was not unreasonable and was clearly made by the claimant. The record does not disclose any reason for Garcia's absence at the hearing. The board file presented as the record herein does not contain the hearing notice.

Following the Referee's adverse decision, the claimant appealed to the Unemployment Insurance Appeal Board. On January 24, 1974 he requested 10 days to submit a letter. The file contains a letter from claimant dated February 1, 1974 which for some unexplained reason does not have the board's stamp thereon as to date of receipt. The board's decision of February 7, 1974 does not refer to this letter or *the attached affidavits*. It is readily apparent that the claimant was still

attempting to have Julio Garcia examined under oath. Following the board's decision, the claimant submitted another letter to the board, received by it on February 20, 1974 which asserted that the board had not considered his prior letter and documentation of February 1, 1974. Apparently the board treated the last letter as an appeal to this court.

As asserted on behalf of claimant upon this appeal, administrative hearings must accord due process to the claimant. (See *Matter of Harper [Levine]*, 41 AD2d 975.) The claimant's testimony alone would not constitute substantial evidence that he had absented himself from work without authorization and the witness for the employer testified that there was authorization for six weeks off from work. The record establishes that the employer's witness had no personal knowledge of what Garcia told claimant in regard to his request. As to hearsay evidence, the employer's witness did not even testify that Garcia had told him after communicating with the claimant that he had said claimant must return on September 10. In fact, the employer's witness testified that he knew nothing about the request for an additional 10 days.

Upon the present record, the claimant was denied even the rudiments of a fair hearing when there was a refusal by the Referee and the board to continue the hearings for the testimony of Julio Garcia. As a result of the denial, the record is devoid of any probative or substantial evidence to support the finding that the claimant had been absent from work without authorization. The finding that the claimant was to report for work on September 10, 1973 is based entirely upon the *expectation* of the employer *without any* testimony as to exactly what *the claimant* was told.

In order to establish what is "credible evidence" in a case such as this, the testimony of the employer's representative having personal knowledge, Garcia, is necessary.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.