■ In the Matter of the Claim of AGUEDO VALENTIN, Appellant. AMERICAN MUSEUM OF NATURAL HISTORY, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 1983, which ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. ¶ Claimant was employed by the American Museum of Natural History as an attendant and guard. On April 23, 1982, feeling that there was an error in his salary, he made several unsuccessful attempts, via telephone, to contact the museum's building services manager. Finally, contrary to museum rules, he used his walkie talkie to page the manager. As a consequence thereof, he was immediately summoned to the office of an associate plant manager and, although denied by claimant, the associate plant manager and her assistant both testified that upon arriving claimant commenced shouting at the associate plant manager and refused to stop though asked to do so several times. This scene continued for several minutes. When the associate manager warned claimant that, by persisting in shouting, he was being insubordinate, he suggested that she suspend him, which she then did. He was subsequently discharged by the museum's deputy director of administration, who in reaching his decision considered claimant's personnel record which disclosed four disciplinary incidents in the past two years, three of which entailed insubordinate conduct. A grievance on his behalf was filed by claimant's union, which took no further action when claimant's termination was upheld. ¶ The finding of claimant's misconduct, consisting of insubordination and offensive behavior toward his superiors, is supported by substantial evidence in the record, thus furnishing a sufficient basis for the denial of benefits (*Matter of Brill [Ross],* 53 AD2d 797). As for the contention that the administrative law judge's refusal to grant claimant an adjournment to produce witnesses to testify to his character effectively denied him due process, it is enough to note that unlike *Matter of Salazar (Levine)* (48 AD2d 75), none of these witnesses had any direct evidence regarding the incident which resulted in claimant's termination; given the nature of this evidence, we perceive no abuse of discretion on the part of the administrative law judge (Labor Law, § 622; 12 NYCRR 461.6 [a]). ¶ Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.