■ In the Matter of the Claim of GEORGE THOMPSON, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [619 NYS2d 863] —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's employment as a hospital kitchen supervisor was terminated after an altercation with a co-worker which resulted in the co-worker sustaining burns to her face caused by hot lasagna which splashed from a pan that was the subject of the altercation. Claimant's supervisor testified that claimant and the co-worker gave conflicting versions of who threw the pan of lasagna and that he made no determination of that issue. Rather, he concluded that the altercation escalated over a period of time, which involved an exchange of words, and that as a supervisor claimant had an obligation to maintain order in the kitchen, which he failed to meet by letting the altercation escalate to the point where the co-worker was injured. Claimant was denied unemployment insurance benefits because he lost his employment through misconduct.

Following a hearing, the Administrative Law Judge (hereinafter ALJ) concluded that claimant's misconduct was not limited to poor judgment in failing to maintain order in the kitchen. The ALJ also found that claimant threw the tray of hot lasagna on the floor, which caused burns to the co-worker's face. The Unemployment Insurance Appeal Board adopted the ALJ's findings and sustained the initial determination which denied claimant benefits because he lost his employ-

ment due to misconduct. Claimant appeals from the Board's decision.

Claimant's substantial evidence argument is meritless. Claimant and the co-worker presented conflicting versions of the altercation and the Board obviously chose to credit the co-worker's testimony that it was claimant who threw the pan of lasagna to the floor. There is no basis in the record to disturb the Board's resolution of the credibility issue created by the conflicting testimony (see, Matter of Di Maria v Ross, 52 NY2d 771). The finding that claimant continued to participate in the altercation as it escalated and deliberately acted in a manner that caused hot lasagna to splash onto the co-worker's face supports the Board's conclusion that claimant's actions rose to the level of misconduct within the meaning of the Labor Law (see, Matter of Ferrarie [Hartnett], 176 AD2d 420).

Claimant also raises a procedural argument. Claimant's supervisor testified that other workers told him claimant had thrown the pan of lasagna to the floor, but he refused to identify those workers when asked by claimant's counsel, stating that the other workers told him they did not want to get involved. Claimant had the right to call, examine and cross-examine witnesses and to request that subpoenas be issued to compel the appearance of relevant witnesses (see, 12 NYCRR 461.4 [c]). Claimant did not attempt to call the other workers as witnesses or request the issuance of subpoenas, for it was claimant's position, according to his attorney, that no other worker was involved in or witnessed the altercation between claimant and the co-worker. Instead, claimant requested that the case be marked off the calendar on the theory that the employer's failure to produce the other workers violated a prior order of the Board, which remanded the matter for a further hearing and directed the employer to produce the co-worker involved in the altercation and any other witness to the altercation.

Assuming the employer's failure to produce the other workers constituted a violation of the prior order, claimant was not prejudiced. As previously noted, it was claimant's position that there were no witnesses to the altercation other than claimant and the co-worker. It is apparent that the ALJ and the Board adopted this position, for the finding that claimant threw the pan of lasagna to the floor was based exclusively on the testimony of the co-worker. Claimant was not denied the right to call any other witnesses or have any witnesses subpoenaed, for he made no attempt to do so. Nor does he claim that any other witness would have testified that the pan of

lasagna was thrown by the co-worker, not claimant, or that he was otherwise deprived of the right to present testimony that could have affected the final determination. In these circumstances, we see no basis to disturb the decision *(see, Matter of Valentin [American Museum of Natural History—Roberts]*, 103 AD2d 919).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.