■ In the Matter of the Claim of FRANKY ACABEO, Appellant. NEW YORK CITY BOARD OF EDUCATION, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [651 NYS2d 932] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 21, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's employment as an educational paraprofessional was terminated after he took two 13-year-old students to, among other places, the mall and his home after school hours without personally obtaining prior parental permission for one student and without notifying or receiving permission from his employer. Claimant was denied unemployment insurance benefits because he lost his employment due to misconduct. At the commencement of the hearing, the employer's counsel requested an adjournment due to the employer's late notice of the hearing, which was subsequently denied.

Claimant testified that he gave into two students' requests to accompany him to the mall one day after school. Claimant denied knowing at that time that he needed his employer's approval to spend time with these students after school hours or of any rule prohibiting out of school contact with them. Although he was aware that he needed parental permission to take the students, he admitted that he only personally obtained such permission from one parent.

Claimant's sole contention on appeal is that he is entitled to a new hearing to cross-examine his employer about the incident. Although claimant had the right to call and cross-examine adverse witnesses (see, 12 NYCRR 461.4 [c]), claimant did not attempt to contact or call any witnesses, particularly his employer, or request that a subpoena be issued to compel any witness's appearance (see, Matter of Thompson [Hudacs], 210 AD2d 614; Matter of O'Connor [Howell—Hudacs], 165 AD2d 946). Moreover, claimant did not join in the employer's request for an adjournment in order to secure his employer's testimony or raise an objection when such motion was denied (see, Matter of O'Connor [Howell—Hudacs], supra). Under these circumstances, we discern no basis to disturb the determination which, in light of claimant's own testimony, is supported by substantial evidence (see, Matter of Thompson [Hudacs], supra; cf., Matter of Seeger v Moduform, Inc., 146 AD2d 922).

Cardona, P. J., Mikoll, Crew III, White and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.