■ In the Matter of the Claim of MICHAEL J. BELLO, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 410] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 13, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Substantial evidence supports the finding of the Unemployment Insurance Appeal Board that claimant was ineligible to receive benefits because he was not totally unemployed. Although controverted, evidence was adduced that claimant was a shareholder and officer of Jack and Jill Nursery School, a business operated by his wife. While claimant contends that he had absolutely no duties at the school, during the relevant time period claimant was a signatory on the school's checking account and in fact signed approximately 12 to 14 business-related checks. Moreover, claimant was involved with the decision-making activities for the school, would occasionally do banking for the school, sign for deliveries, pick up supplies such as a radio for the school bus and would appear for his

wife at school when she could not be there. In our view, this evidence sufficiently supports the conclusion that claimant stood to gain financially from his activities in connection with the business (*see, Matter of Podolsky [Sweeney]*, 247 AD2d 737; *Matter of Falco [Sweeney]*, 246 AD2d 711; *Matter of Gauland [Sweeney]*, 223 AD2d 805). Finally, the Board properly determined that benefits received by claimant were recoverable pursuant to Labor Law § 597 (3) and (4) (*see, Matter of Falco [Sweeney], supra*).

Mercure, J. P., Crew III, White, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.