■ In the Matter of the Claim of ELIZABETH A. FELDMAN, Respondent. JUNIOR LEAGUE OF THE CITY OF NEW YORK, Appellant; COMMISSIONER OF LABOR, Respondent. [678 NYS2d 700] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1997, which assessed Junior League of the City of New York for additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Claimant occasionally worked as a waitress for Junior League of the City of New York, a civic organization which periodically holds banquets and other special events. Substantial evidence supports the determination of the Unemployment Insurance Appeal Board that Junior League exercised sufficient control over the work of claimant and other persons similarly situated to establish their status as employees rather than independent contractors. Junior League maintains a list of individuals such as claimant who are willing to work on those occasions when additional assistance is needed in order

to adequately staff large events. Once claimant accepted work, Junior League required her to work a specified number of hours at a nonnegotiable pay rate, mandated her compliance with a formal dress code and drafted work orders detailing the specifics of her work. Moreover, Junior League processed all customer complaints and procured a general liability insurance policy covering claimant and those similarly situated. Although there was evidence which might support a contrary conclusion, these facts are sufficient to support the Board's finding of an employment relationship (*see, e.g., Matter of Via Otto Ristorante [Hartnett]*, 158 AD2d 825; *Matter of Murello [Adams Darcy Art—Roberts]*, 108 AD2d 974). We have considered Junior League's remaining arguments and find them to be meritless.

Crew III, J. P., White, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.