■ In the Matter of the Claim of JOSEPHINE F. NORVELL, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 201] —Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed November 3, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Based upon our review of the record, we agree with claimant's contention that she was entitled to an adjournment in order to procure the testimony of her co-worker Henry Mance. According to claimant, she left her employment at a manufacturing facility allegedly due to harassment by her supervisor. The record reveals that by decision dated June 12, 1997, the Unemployment Insurance Appeal Board ordered, *inter alia*, that the decision of the Administrative Law Judge, which found that claimant was entitled to benefits, be rescinded and that the case be remanded for a further hearing. The Board specifically ordered that claimant produce Mance, who had testified at a previous hearing, to testify with more specificity as to when and where any alleged harassment against claimant occurred. Upon remand, claimant requested that the hearing be adjourned and that a subpoena against Mance be issued inasmuch as efforts to locate Mance at his new address had been futile. The Administrative Law Judge denied claimant's requests and ruled that claimant was disqualified from receiving benefits because she left her employment in anticipation of discharge, and the decision was affirmed on administrative appeal.

Inasmuch as the record discloses that claimant was denied her right to present testimony regarding the alleged harassment and such evidence may have affected the final determination, we conclude that the matter must be reversed and remitted (*see, e.g., Matter of Salazar [Levine]*, 48 AD2d 75; *cf., Matter of Thompson [Hudacs]*, 210 AD2d 614; *Matter of Valentin [American Museum of Natural History—Roberts]*, 103 AD2d 919).

Cardona, P. J., Mercure, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.