■ In the Matter of the Claim of JASON CONKLIN, Claimant. WASHINGTON STREET CATERERS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [690 NYS2d 772] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 6, 1998, which assessed Washington Street Caterers, Inc. for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Washington Street Caterers, Inc. provided off-premises catering services to its clientele in New York City. Its wait staff and bartenders were generally supplied by an agency, but the catering firm also maintained a list of persons it hired directly when it needed additional personnel. As claimant was one of the persons on the list, he worked at five of Washington Street's events from April through June 1996. His subsequent application for unemployment insurance benefits was denied after a hearing before an Administrative Law Judge on the basis that he provided services as an independent contractor. The Unemployment Insurance Appeal Board ultimately ruled that Washington Street had exercised sufficient direction and control over the work of claimant and those hired on a similar basis to render it liable for unemployment insurance contributions. This appeal ensued.

Washington Street initially seeks reversal based on its inability to cross-examine claimant on more than one occasion because he failed to appear on an adjourned hearing date. However, on the first day of the hearing claimant did appear for testimony and Washington Street was able to conduct cross-examination, including the introduction of three documentary exhibits. Having failed to request a subpoena to procure claimant's attendance after he failed to appear on the adjourned hearing date, we find Washington Street's assertion that its due process rights were violated lacks substance (see, Matter of Acabeo [New York City Bd. of Educ.— Sweeney], 234 AD2d 851).

We are similarly unpersuaded by Washington Street's contention that there was no justiciable case or controversy before us since claimant's compensation from Washington Street was not used in computing claimant's unemployment

benefits. Claimant filed for benefits effective March 10, 1997, encompassing a base period of March 11, 1996 through March 9, 1997. Although plaintiff's benefit rate was not calculated with the inclusion of his remuneration from Washington Street, the two months that claimant worked for Washington Street are properly includable in his "base period" (see, Labor Law § 520). Regardless of whether claimant's unemployment benefits would be affected by the inclusion of Washington Street as a base period employer, it was appropriate for the Commissioner of Labor to determine whether claimant's relationship with Washington Street was that of an employee or independent contractor in order to properly adjust his benefit rate (see, Labor Law § 590 [2], [5]). Inasmuch as that issue concerns the eligibility not only of claimant but of those similarly situated, a justiciable case or controversy existed.

Turning to the substantive merits, our review of the record reveals that several indicia of an employment relationship were presented. Washington Street interviewed and screened the individuals on its wait staff for competency. Once an assignment was accepted, a member of the wait staff was required to arrive at a certain time, to work a minimum four-hour shift and to adhere to a dress code. The wait staff was not permitted to accept gratuities, to take a break or to depart without supervisory permission, nor were they permitted to speak to one another while serving. A floor captain critiqued each server's performance and unacceptable conduct would result in a reprimand or dismissal. Payment was determined by Washington Street and it issued checks directly to each server immediately following an event. We find the aggregate of these factors sufficient to constitute substantial evidence of an employer-employee relationship (see, Matter of Feldman [Junior League—Commissioner of Labor], 254 AD2d 560; Matter of Sims [Hudacs], 196 AD2d 912). While the record includes evidence that would support a contrary result, the Board's decision, when supported by substantial evidence, will not be disturbed (see, Matter of American Lenders Serv. Co. [Sweeney], 242 AD2d 792).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.