■ In the Matter of the Claim of TIMOTHY J. MCINERNEY, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 128] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2000, which ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as an inspector for a consulting firm from June 28, 1999 until October 6, 1999. In September 1999, the employer offered claimant the opportunity to work on a new project beginning when the current project ended. Claimant declined the offer, resigned when his current project was complete and thereafter filed for and received unemployment insurance benefits asserting that he separated from employment due to lack of work. The Unemployment Insurance Appeal Board held that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant argues that he was justified in refusing the employer's offer because he did not possess the qualifications necessary to perform the job inasmuch as the new job involved construction of a building and his experience was limited to construction of highways and bridges. We find this argument to be unsupported by the record. The employer testified that claimant had the exact skills necessary to perform the job and that he would be doing essentially the same tasks on the new project as he had done on the previous project, i.e., acting as a liaison between the work site and the employer. In light of the foregoing, we find that substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause while continuing work was available (*see,*

*Matter of Walker [Sweeney]*, 228 AD2d 849; *Matter of Zurzolo [Levine]*, 53 AD2d 758; *cf., Matter of Schmidt [Vestal Cent. School Dist.—Roberts]*, 100 AD2d 655, *lv denied* 63 NY2d 609). Having so found, the Board could also conclude that claimant's statement that he resigned due to lack of work was a willful misrepresentation (*see, Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861; *Matter of Shabazz-Allah [College of New Rochelle—Sweeney]*, 247 AD2d 749).

Likewise, we are unpersuaded by claimant's assertion that the Administrative Law Judge improperly refused his request to subpoena the testimony of the individual who had previously held the position offered by the employer, as well as the billing records for services rendered by that employee, to demonstrate that claimant did not possess the qualifications necessary to perform the job. The employer acknowledged that this individual was a licensed professional engineer and claimant was not, but indicated that he was not acting as an engineer on the particular project at issue and, in any event, that such skills were not necessary for this job. In light of this testimony and inasmuch as "claimant was afforded a sufficient opportunity to present proof in support of [his] claim," we perceive no abuse of discretion on the part of the Administrative Law Judge in denying claimant's requests (*Matter of Lieber [Ross]*, 46 NY2d 867, 868; *see, Matter of Valentin [American Museum of Natural History—Roberts]*, 103 AD2d 919). Claimant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Crew. III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.