■ In the Matter of the Claim of Gary Kusky, Appellant. Commissioner of Labor, Respondent. [757 NYS2d 148] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant's employer owns three businesses in a summer resort area: a marina, a nightclub and a plumbing service. During the summers of 1997 through 2000, claimant was employed as the marina's dockmaster and as the weekend doorman at the nightclub. Throughout the remaining months of the year, he worked two to three days a week for the employer's plumbing service. In the spring of 2001, the employer notified claimant that he would not be rehired as the dockmaster for the summer although employment continued to be available to him as the part-time doorman at the nightclub and as a full-time plumber. Claimant declined the proffered employment specifically rejecting the plumbing job on the ground that it was too physically demanding in that it entailed carrying 100-pound propane tanks. Claimant averred that he suffers from a bad back, having had two operations on his spine in 1994 and 1996. He submitted a statement from his treating physician, dated approximately six months after he rejected the proffered employment, which referred to his spinal surgeries and advised that claimant "is unable to do heavy lifting for plumbing."

The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he discontinued his employment for personal and noncompelling reasons. In so holding, the Board rejected the assertion that claimant was physically incapable of performing the plumber's job given the unrefuted evidence that he had capably performed the job for extended periods without hindrance from his back condition (*see Matter of*

*Papaleo [Commissioner of Labor]*, 250 AD2d 895 [1998], *lv denied* 92 NY2d 807 [1998]). Under the circumstances presented here, we find that substantial evidence supports the Board's holding that claimant voluntarily left employment without good cause while continuing work was available (*see Matter of McInerney [Commissioner of Labor]*, 288 AD2d 549 [2001]).

Crew III, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.