■ In the Matter of the Claim of DIANA SCHMIDT, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 642]—

Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 29, 2002, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After she was laid off from her job as a production supervisor, claimant applied for and received unemployment insurance benefits. The Department of Labor subsequently found her ineligible to receive benefits during the period October 8, 2001 through January 20, 2002 because she was an officer of a corporation and, therefore, was not totally unemployed during that time. She was charged with a recoverable overpayment of benefits in the amount of $5,265 and her right to receive future benefits was reduced by 108 days. Following a hearing, these findings were sustained by an Administrative Law Judge and were later upheld by the Unemployment Insurance Appeal Board. Claimant now appeals.

Among the numerous challenges claimant raises to the Board's decision is the contention that there is insufficient evidence to support the Board's findings. Based upon our review of the record, we disagree. The proof is undisputed that, during the time period in question, claimant was the president of a film production company incorporated in 1996, which she operated out of her residence. Although she did not receive any income from the business while collecting unemployment insurance benefits, she wrote checks to pay corporate expenses and engaged in various business-related activities, such as attending meetings, sending out mailings and making telephone calls to solicit work. It is established that a corporate officer who performs business-related activities on behalf of an ongoing corporation will not be deemed totally unemployed even if he or she does not receive any income (*see e.g. Matter of Halper [Com-*

*missioner of Labor]*, 262 AD2d 848, 849 [1999]; *Matter of De Martino [Hudacs]*, 186 AD2d 854, 855 [1992]). The pertinent inquiry is whether the claimant stands to benefit financially from the continued operation of the corporation (*see Matter of McHugh [Commissioner of Labor]*, 305 AD2d 923, 924 [2003]; *Matter of Fitton [Sweeney]*, 239 AD2d 723, 723 [1997]). Thus, substantial evidence supports the Board's finding that she was not totally unemployed.

Substantial evidence also supports the Board's assessment of a recoverable overpayment of benefits. Claimant acknowledged that she received an unemployment information booklet advising her that operating a business may be considered employment even though no compensation is received. When she certified for benefits, however, she represented that she was not employed or self-employed and did not disclose her activities on behalf of the corporation. Given these facts, the Board properly found the benefits recoverable pursuant to Labor Law § 597 (4) (*see Matter of Shenman [Commissioner of Labor]*, 297 AD2d 852, 853 [2002]; *Matter of Bello [Commissioner of Labor]*, 252 AD2d 693, 694 [1998]). We have considered claimant's remaining assertions, including her claim that she was denied a fair hearing, and find them to be without merit.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.