■ In the Matter of the Claim of NICHOLAS R. SARUBBI, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 835]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

When applying for unemployment insurance benefits in July 2001, claimant reported that he was not an officer in a corporation and was not engaged in a business that brings or may bring an income. In reality, claimant was president of a subchapter S corporation that he had formed in 1995. During the period of time that claimant received unemployment insurance benefits, he did not report certain activities that he performed for the corporation, including writing checks from the corporate checking account. The Unemployment Insurance Appeal Board found claimant ineligible to receive unemployment benefits upon the ground that he was not totally unemployed, charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits by 108 days.

We affirm. "[A] corporate officer who performs business-related activities on behalf of an ongoing corporation will not be deemed totally unemployed even if he or she does not receive any income" (*Matter of Schmidt [Commissioner of Labor],* 7 AD3d 899, 899 [2004]; *Matter of Halper [Commissioner of La-*

*bor]*, 262 AD2d 848, 849 [1999]). As claimant clearly stood to benefit financially from the ongoing operation of his corporation, substantial evidence supports the Board's decision that he was not totally unemployed (*see id.*). Substantial evidence also supports the Board's findings that recoverable overpayments were in order and that claimant willfully misrepresented his employment status. Claimant's testimony that the various checks he wrote from the business account were for personal expenses presented a credibility issue for the Board's resolution. We have considered claimant's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.