■ In the Matter of the Claim of DAVID J. OLES JR., Appellant. COMMISSIONER OF LABOR, Respondent. [801 NYS2d 104]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 2003, as amended by decision filed December 30, 2004, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant was ineligible to receive

unemployment insurance benefits and a trade readjustment allowance under the federal Trade Act of 1974 (*see* 19 USC § 2271 *et seq.*) because he was not totally unemployed during the time that he received those benefits (*see Matter of Sarubbi [Commissioner of Labor]*, 9 AD3d 723, 723-724 [2004]; *Matter of Holmes [Commissioner of Labor]*, 307 AD2d 575, 575-576 [2003]). The record establishes that claimant did not disclose on his application for benefits that he was a 95% shareholder of a limited liability company that he had formed with his father in 1995. As a signatory on the company checking account, claimant occasionally wrote checks on behalf of the business during the period in which he was collecting benefits. Although claimant did not receive any income from the company, he nevertheless realized a financial benefit since he deducted the company's losses and expenses on his personal income tax return.

Furthermore, since claimant admitted to reading the informational handbook which advises him of the reporting requirements, substantial evidence supports the Board's finding that he made willful misrepresentations and is liable for recoverable overpayments (*see Matter of Zegelbone [Commissioner of Labor]*, 19 AD3d 986 [2005]; *Matter of Holmes [Commissioner of Labor]*, *supra* at 576). Nevertheless, claimant maintains on this appeal that a Department of Labor employee would confirm his assertion that he provided the correct information when he filed his claim and, therefore, did not make a willful misrepresentation. However, the record reflects that, although the Commissioner of Labor's attorney requested an adjournment for the purpose of obtaining the testimony of that employee, claimant did not join in that request or make an objection when such motion was denied (*see Matter of Acabeo [New York City Bd. of Educ.— Sweeney]*, 234 AD2d 851, 851 [1996]). Accordingly, this argument has not been preserved.

Claimant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.