Stagen v Neu (2023 NY Slip Op 06105)

Stagen v Neu

2023 NY Slip Op 06105

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 654161/22 Appeal No. 1090 Case No. 2023-01897 

[*1]Thomas N. Stagen, Plaintiff-Appellant,
v
Amy W. Neu, Defendant-Respondent.

Peter M. Levine, New York, for appellant.
Judd Burstein, P.C., New York (Judd Burstein of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 3, 2023, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff alleges that he was entitled to continued employment by nonparty Eden Wood Realty LLC (Eden Wood) under the terms of a Settlement Agreement entered into between defendant Amy Neu and her father, nonparty Richard Neu, the former president of Eden Wood. The Agreement provided that, until his retirement, Richard alone would determine whether to continue plaintiff's employment and, that, after Richard's retirement or death, "and assuming that as of that time Stagen remains employed by Eden Wood, Eden Wood shall continue to employ Stagen on terms no less favorable to Stagen than those in place on the date of Richard's retirement or death, unless and until Stagen voluntarily retires or Amy makes a good faith determination that Stagen is no longer capable of performing his employment duties competently." Three months after Richard retired, Amy notified plaintiff that "in light of our ongoing communications difficulties," his "consultancy agreement was terminated."
In support of her motion to dismiss, Amy contends that plaintiff was not "employed by" Eden Wood on the date of Richard's retirement because Eden Wood did not pay him at all but instead paid his consulting company. At the time of the Settlement Agreement, plaintiff was president of Eden Wood, and with Richard's knowledge, he was being paid through the corporation he created. Plaintiff's position as president and the payment arrangement continued after the Agreement was signed and through the time that Richard retired. Accordingly, notwithstanding this arrangement, plaintiff adequately alleges that he was, and remained for all intents and purposes, an employee of Eden Wood at the time of Richard's retirement (see Matter of Bernstein v Beth Israel Hosp., 236 NY 268, 271 [1923]; see also Matter of Conklin, 262 AD2d 687, 688 [3d Dept 1999]).
The court's interpretation of the contract to require any claim to be made by plaintiff's consulting company, rather than plaintiff individually, would render the words of the agreement meaningless (see 67 Wall St. Co. v Franklin Natl. Bank, 37 NY2d 245, 248 [1975]). Under the circumstances, the undefined term "employ" is subject to ambiguity. Accordingly, it is appropriate to examine the facts and circumstances to determine the intent of the parties (id.). Moreover, interpreting the contract as imposing a requirement that plaintiff must be directly employed by Eden Wood as a condition precedent to recovery would elevate form over substance (see Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555-556 [1982]). The Settlement Agreement did not include any language supporting that reading (see DirectTV Latin Am., LLC v RCTV Intl. Corp., 115 AD3d 539, 540 [1st Dept 2014]; Torres v D'Alesso, 80 AD3d 46, 57 [1st Dept 2010]).
Additionally, the prominent [*2]mention of plaintiff in paragraph 6 of the Settlement Agreement evinces the contracting parties' intent to benefit him (see LaSalle Natl. Bank v Ernst & Young, 285 AD2d 101, 108-109 [1st Dept 2001]). Accordingly, plaintiff was entitled to assert a cause of action for breach of contract as a third-party beneficiary.
Finally, contrary to defendant's contention, plaintiff's damages claim based on his annual salary before termination is not unduly speculative and his potential recovery is a question for the factfinder (see Demetro v Dormitory Auth. of the State of N.Y., 199 AD3d 605, 610 [1st Dept 2021]; cf. Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]; Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023