■ In the Matter of the Claim of RAFAEL CELEIRO, Appellant. DENTSPLY EQUIPMENT, Respondent; COMMISSIONER OF LABOR, Respondent. [678 NYS2d 815] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 11, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment with a manufacturer of dental equipment after he continued to take materials and supplies from the company dumpster without permission despite having been warned not to do so. The record discloses that when the employer's vice-president observed claimant removing items from the dumpster—an activity which had been expressly prohibited due to the employer's concern that scheming employees were discarding valuable materials and then retrieving them later from the dumpster—claimant was informed that he should refrain from doing this and should obtain prior authorization from the persons discarding the specific items before removing the materials from the employer's premises. Thereafter, claimant asked a shipping clerk for items that were being discarded; however, the low-level clerk replied that he did not have time and, though not authorized to do so, suggested that claimant go to the dumpster and take what he wanted, "like everyone else [did]". Claimant was thereafter videotaped retrieving wire, tubing, piping and other materials from the dumpster. Failure to abide by an employer's known policies and acting in a manner contrary to the

employer's best interest can constitute misconduct (*see, Matter of Gibson [Commissioner of Labor]*, 250 AD2d 906; *Matter of O'Shea [Sweeney]*, 233 AD2d 736). Under the circumstances presented here, we conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant engaged in disqualifying misconduct. Claimant's contention that he did not understand the vice-president's instructions to be a directive merely presented a credibility issue for the Board to resolve (*see, Matter of Gibson [Commissioner of Labor], supra*).

Cardona, P. J., Mercure, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.