■ In the Matter of the Claim of JAMES M. WARD, Appellant. COMMISSIONER OF LABOR, Respondent. [681 NYS2d 636] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, an oil burner mechanic, was confronted by the employer regarding two complaints by customers concerning his attitude and conduct when making service calls. Claimant, ignoring the employer's directive that claimant should go to lunch and that the discussion would be continued later, was discharged after repeatedly asking the employer if he was fired. Claimant was denied unemployment insurance benefits on the ground that he lost his employment due to misconduct. Toward the end of the evidentiary hearing, claimant asked the Administrative Law Judge (hereinafter ALJ) if he was allowed to subpoena witnesses. The ALJ replied that it was too late to do so and proceeded with the hearing. In the absence of a finding by the ALJ that the subpoenas were unnecessary because the requested witnesses would have no relevant or material testimony to offer, we agree with claimant that due process mandates that the decision be reversed and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings (*see, Matter of Box [Commissioner of Labor]*, 249 AD2d 608).

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.