■ In the Matter of the Claim of MARJORIE H. MINTZER, Respondent. LEONARD A. SHEFT et al., Doing Business as SHEFT & SHEFT, Appellants; COMMISSIONER OF LABOR, Respondent. [681 NYS2d 899] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 1997, which ruled the employer liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Prior to her termination claimant, an attorney, was a limited nonequity partner at a law firm. Claimant subsequently applied for and was awarded unemployment insurance benefits. The law firm contested the award and when the ensuing hearing commenced, at which claimant did not appear, the law firm requested an adjournment to subpoena claimant and certain financial documents. Although the law firm's request was unopposed, the Administrative Law Judge did not rule on the request and instead proceeded to hear testimony from the law firm's managing partner. At the conclusion of the hearing, the law firm again requested an adjournment to obtain the subpoena, which request was denied. The Unemployment Insurance Appeal Board ultimately affirmed the decision in claimant's favor. The law firm now appeals contending, *inter alia*, that it was not afforded due process of law in that it was denied the right to issue a subpoena in order to examine claimant.

12 NYCRR 461.4 (c) provides, in relevant part, that "[p]arties, or their attorney or agent, shall have the right to request that subpoenas be issued to compel the appearance of relevant witnesses or the production of relevant documents, records or other evidence". Although claimant correctly notes that this Court has held that reversal is not warranted where the testimony adduced at the administrative hearing is sufficient to sustain the Board's decision despite the absence of testimony from the adverse party (*see, Matter of Acabeo [New York City Bd. of Educ.—Sweeney]*, 234 AD2d 851; *Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946), in each of the cited cases no request for an adjournment or subpoena was made (*see, id.*). Here, however, the record reflects that the law firm preserved its rights in this regard by requesting an adjournment to obtain a subpoena to secure claimant's testimony and objecting to the denial of such request. Moreover, although the testimony adduced here from the law firm's managing partner could be deemed sufficient to support the Board's finding of an employer-employee relationship, that is not to say that the Board would have reached the same conclusion had it had the benefit of hearing and considering claimant's testimony as well. Under such circumstances, we believe that the proper course is to reverse the Board's decision and remit this matter for further proceedings. In light of this conclusion, we need not address the remaining arguments raised by the law firm on appeal.

Mercure, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.