■ In the Matter of the Claim of STEVEN LIPOSKI, Respondent. CITIFLORAL, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [689 NYS2d 547] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 14, 1997, which denied the employer's application for reconsideration of a prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant, a florist, was employed for brief periods of time by three businesses in Manhattan. He worked for Citifloral, Inc. from September 1990 until his resignation in December 1990, at which time claimant applied for unemployment insurance benefits. Claimant was found to have voluntarily left his employment without good cause, disqualifying him from eligibility for benefits. From March 1991 to May 1991, claimant was employed by Rhinelander Florist and, subsequently, he worked for the Plaza Hotel from September 1991 to October 1991. After his employment with the Plaza Hotel ended, claimant again applied for unemployment insurance benefits and was ultimately deemed eligible by a decision of the Unemployment Insurance Appeal Board, filed June 21, 1996, wherein the Board concluded that there was not substantial evidence to support a finding of disqualifying misconduct in connection with the termination of claimant's employment with the Plaza Hotel. Citifloral objected to the Board's decision, contending that claimant had lost his employment with both subsequent employers due to disqualifying misconduct. Citifloral applied

unsuccessfully to the Board for reconsideration, giving rise to this appeal.

Citifloral asserts that the Board's decision violated its due process rights because there was no direct testimony on the issue of claimant's termination of employment with the Plaza Hotel since neither claimant nor a representative from the hotel appeared at the hearings, despite Citifloral's repeated requests to various Administrative Law Judges for the issuance of a subpoena to the Plaza Hotel. Hence, Citifloral submits that in the absence of evidence addressing whether claimant had lost his employment at the Plaza Hotel under disqualifying conditions, it was error for the Board to render a final decision in this matter. We agree.

The testimony of a representative from the Plaza Hotel would have been relevant in determining whether claimant's discharge from its employ was caused by disqualifying misconduct. Our review of the record does not disclose whether a subpoena was, in fact, issued despite Citifloral's oral and written requests for a subpoena to at least four Administrative Law Judges and as directed on remand by the Board in its decision filed November 25, 1995. We find the failure to issue and/or enforce the subpoena, followed by entry of a decision based on insufficient evidence, amounted to procedural error prejudicing Citifloral's right to call and question witnesses (*see generally*, *Matter of Thompson [Hudacs]*, 210 AD2d 614; *Commissioner of Labor v Hinman*, 103 AD2d 886, 887). The matter is, accordingly, remitted for further proceedings in connection with the issuance and/or enforcement of a subpoena requiring the Plaza Hotel to send an employee or representative to appear at an administrative hearing for the purpose of testifying regarding the circumstances that gave rise to the termination of claimant's employment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.