■ In the Matter of the Claim of SONIA CORDOVA, Appellant. COMMISSIONER OF LABOR, Respondent. [715 NYS2d 551] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 2, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct, and (2) from a decision of said Board, filed August 4, 1999, which, upon reconsideration, adhered to its prior decision.

Claimant was discharged from her position as program director of a senior citizen center when, in violation of the employer's established procedures, she purchased furniture without soliciting bids from vendors or obtaining the requisite written approval. Claimant was on probation at the time as the result of various complaints concerning her work performance. Given claimant's knowing disregard of the employer's purchasing policy and prior conduct, substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant engaged in disqualifying misconduct (*see generally, Matter of Celeiro [Dentsply Equip.—Commissioner of Labor]*, 254 AD2d 599; *Matter of Naraine [Sweeney]*, 245 AD2d 932, 933).

Furthermore, we reject claimant's assertion that she was denied due process because the manager of the department which provided outside funding for the senior citizen center, whose authorization was needed for the furniture purchase, failed to respond to a subpoena. We find no reason to disturb the Board's finding that the manager's testimony was unnecessary given claimant's admission that she purchased the furniture in error and failed to follow the established purchasing procedures (*see, Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946, 948; *cf., Matter of Ward [Commissioner of Labor]*, 256 AD2d 773, 774).

Cardona, P. J., Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.