█ In the Matter of the Claim of VALENTINE A. MOSELEY, Appellant. COMMISSIONER OF LABOR, Respondent. [877 NYS2d 491]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 16, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant, an emergency medical technician, was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct—namely, falsifying work documents by forging the signatures of hospital receiving agents on two ambulance call reports. At the ensuing hearing, the employer's representative testified that the subject reports were initially missing the signatures of both claimant and the hospital receiving agent and stated that claimant subsequently forged the receiving agent's signature on the reports. Claimant denied signing for the receiving agent and requested that the Administrative Law Judge (hereinafter ALJ) issue a subpoena to obtain the original reports, which were in the possession of the hospital and, according to claimant, would support his contention that the forms had been signed by the receiving agent prior to placing his signature on the documents. The ALJ denied claimant's request and determined that claimant was disqualified from receiving benefits, and the Unemployment Insurance Appeal Board affirmed.

Pursuant to 12 NYCRR 461.4 (c), claimant had the right to request that the ALJ issue a subpoena to compel the production of relevant documents, i.e., the original ambulance call reports that he allegedly falsified. Inasmuch as such reports plainly were germane to the pivotal issue in this matter—whether claimant did in fact falsify work-related forms—we agree with the parties that this matter must be remitted for the production of those reports (see Matter of Liposki [Citifloral, Inc.—Commissioner of Labor], 261 AD2d 665, 666 [1999]; Matter of Mintzer [Sheft—Commissioner of Labor], 256 AD2d 965, 966 [1998]; Matter of Ward [Commissioner of Labor], 256 AD2d 773, 774 [1998]; Matter of Box [Commissioner of Labor], 249 AD2d 608 [1998]). The mere fact that the testimony adduced at the hearing could be sufficient to support the Board's finding that claimant engaged in disqualifying misconduct is of no moment, inasmuch as the Board may not have reached the same conclu-

sion if it had had the benefit of reviewing the requested documents (*see Matter of Mintzer [Sheft—Commissioner of Labor]*, 256 AD2d at 966).

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.