*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014          517740
_____

In the Matter of the Claim of
   MARIA K. PHILIP,
                    Respondent.

JULES BRODY, Doing Business          MEMORANDUM AND ORDER
   as STULL STULL & BRODY,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Stein, McCarthy, Rose and Egan Jr., JJ.

_____

       Graubard Miller, New York City (C. Daniel Chill of
counsel), for appellant.

       Cynthia Feathers, Glens Falls, for Maria K. Philip,
respondent.

       Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for Commissioner of Labor, respondent.

_____

       Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 17, 2013, which, among other things, ruled that
Jules Brody was liable for additional unemployment insurance
contributions based on remuneration paid to claimant and others
similarly situated.

       Claimant was retained to perform document review services
for Jules Brody.  She successfully applied for unemployment
insurance benefits in 2011, after which the Department of Labor

determined that Brody was claimant's employer and was responsible for additional unemployment insurance contributions. Brody objected to that determination but, upon his failure to appear at the ensuing hearing, was found to be in default. Brody then sought to reopen the proceeding and further requested that the Administrative Law Judge (hereinafter ALJ) subpoena claimant if she did not voluntarily appear at the reopened hearing. Claimant refused to appear, but the ALJ declined to issue the requested subpoena. The ALJ then granted the application to reopen the proceeding and upheld the initial determination. The Unemployment Insurance Appeal Board affirmed, and Brody appeals.

We reverse. Brody was entitled to call claimant as a witness and, moreover, had the right to request that the ALJ issue a subpoena to compel her attendance (see Labor Law § 622 [1]; 12 NYCRR 461.4 [c]; Matter of Mintzer [Sheft—Commissioner of Labor], 256 AD2d 965, 966 [1998]). Claimant plainly had relevant testimony to offer as to whether an employer-employee relationship existed between her and Brody. The ALJ nevertheless declined to issue the requested subpoena, pointing out that counsel for Brody could have subpoenaed claimant directly. The failure to either issue a subpoena or to adjourn the proceedings so that counsel could do so constituted an abuse of discretion under the circumstances of this case and, thus, "we believe that the proper course is to reverse the Board's decision and remit this matter for further proceedings" (Matter of Mintzer [Sheft—Commissioner of Labor], 256 AD2d at 966; see Matter of Moseley [Commissioner of Labor], 61 AD3d 1133, 1134 [2009]; Matter of Box [Commissioner of Labor], 249 AD2d 608, 608 [1998]). In light of the foregoing, we need not address the remaining arguments advanced by Brody.

Peters, P.J., Stein, McCarthy, Rose and Egan Jr., JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court