■ In the Matter of the Claim of JEFFREY GAWRYS, Respondent. MEDICAL DELIVERY SERVICES, Appellant; COMMISSIONER OF LABOR, Respondent. [33 NYS3d 553]—

Garry, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 11, 2014, which ruled, among other things, that Medical Delivery Services was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Medical Delivery Services (hereinafter MDS) is a company engaged in the business of transporting time-sensitive radioactive medicine, or radiopharmaceuticals, to medical facilities and pharmacies. To accomplish this task, MDS retained the services of delivery drivers such as claimant for pick up and delivery of the radiopharmaceuticals to MDS's clients. Claimant filed an application for unemployment insurance benefits after his relationship with MDS ended. The Department of Labor issued an initial determination finding that claimant was an employee of MDS and that MDS was liable for unemployment insurance contributions based on remuneration paid to claimant and other similarly situated delivery drivers. MDS objected on the ground that claimant was an independent contractor. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the Department's determination. Upon administrative appeal, the Unemployment Insurance Appeal Board adopted the ALJ's findings of fact and opinion and subsequently denied MDS's applications for reconsideration. MDS appeals from the initial decisions of the Board.

MDS argues, among other things, that the ALJ improperly prevented it from eliciting relevant testimony from one of its witnesses. We agree. At the hearing, MDS attempted to question one of its witnesses, an expert in federal transportation regulations, for the purpose of establishing that any direction

and control exercised by MDS over claimant was mandated by provisions of federal law. At the start of the expert's testimony, claimant's attorney interjected that he would agree to stipulate that any federal regulations that dictate "the mode, means and so forth [are] applicable to [claimant]" and that "anything that's required of [claimant] is required of [MDS], which is in turn required by the Department of Transportation."*

A party in an unemployment insurance hearing has "the right to call, examine and cross-examine parties and witnesses" (12 NYCRR 461.4 [c]). Here, the expert testimony that MDS sought to elicit was noncumulative (compare Matter of Lombard [SOH Distrib. Co., Inc.—Commissioner of Labor], 52 AD3d 981, 981-982 [2008]) and highly relevant to the determination of claimant's employment status. We have held that an employment relationship cannot be premised solely upon controls mandated by government regulations (see Matter of Scott [CR England Inc.—Commissioner of Labor], 133 AD3d 935, 938 [2015]; Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d 1414, 1414-1415 [2010]; Matter of Wannen [Andrew Garrett Inc.—Commissioner of Labor], 57 AD3d 1029, 1030 [2008]; see also Matter of Choto v Consolidated Lbr. Transp., Inc., 82 AD3d 1369, 1370 [2011]). The ALJ prohibited MDS from eliciting testimony on this point after determining that the parties' stipulation rendered such testimony unnecessary, but, thereafter, ultimately determined that MDS had purportedly exercised control beyond that required by federal regulations. As MDS now argues, the employer was, in effect, thus deprived of both the benefit of the parties' broad stipulation and the opportunity to offer testimony to meet the underlying evidentiary purpose of the stipulation. In view of this procedural irregularity, we find that due process requires that the decisions be reversed and the matter remitted for a new hearing (see 12 NYCRR 461.4 [c]; Matter of Philip [Brody—Commissioner of Labor], 120 AD3d 1470, 1471 [2014]; Matter of Ward [Commissioner of Labor], 256 AD2d 773, 774 [1998]; Matter of Box [Commissioner of Labor], 249 AD2d 608, 608 [1998]). In light of this disposition, we need not address the parties' remaining arguments.

McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

---

* In response to a later question posed by claimant's attorney, the expert acknowledged that "this particular industry is one of the most highly regulated industries in the country."